UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SYRACUSE MOUNTAINS CORPORATION,<br><br>        Plaintiff,<br><br>    v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>        Defendant. | Civil Action No.: _____<br><br>**COMPLAINT** |

Plaintiff Syracuse Mountains Corporation ("Syracuse") for its complaint against defendant the Bolivarian Republic of Venezuela ("Venezuela") alleges as follows:

## NATURE OF THE ACTION

1. This is a breach-of-contract action arising out of Venezuela's failure to make payments on eleven series of bonds (collectively, the "Bonds") pursuant to which Syracuse beneficially holds obligations with a stated principal amount of $327,347,000.

2. Venezuela issued the Bonds and sold them to investors under certain fiscal agency agreements, which it executed in 1997 (the "1997 FAA"), in 1998 (the "1998 FAA"), and in 2001 (the "2001 FAA") (collectively, the "FAAs"). In the FAAs and corresponding offering memoranda for the Bonds issued pursuant to the FAAs, Venezuela unconditionally promised to make regularly scheduled principal and interest payments to holders of the Bonds. The FAAs are governed by New York law without regard to conflict of laws.

3. Venezuela has failed to make required payments and defaulted on its obligations under the FAAs and the Bonds.

1

4. Thus, Venezuela has breached its contractual obligations and judgment should be entered for Syracuse, as this Court has done in other cases filed by beneficial owners of bonds issued pursuant to the FAAs. *Casa Express Corp. v. Bolivarian Republic of Venezuela*, — F.Supp.3d— (S.D.N.Y. 2020), 2020 WL 5817282 (S.D.N.Y. Sept. 30, 2020) (denying Venezuela's motion for stay and granting plaintiffs' motion for summary judgment on breach-of-contract claims); *Contrarian Capital Mgmt. LLC v. Bolivarian Republic of Venezuela*, — F.Supp.3d— (S.D.N.Y. 2020), 2020 WL 5849013 (S.D.N.Y. Oct. 1, 2020) (same).

## PARTIES

5. Syracuse is a company organized and existing under the laws of Panama.

6. Venezuela is a "foreign state" as defined in 28 U.S.C. § 1603(a).

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action under 28 U.S.C. § 1330 because this is a nonjury civil action against a foreign state that is not entitled to sovereign immunity under 28 U.S.C. § 1605 or under any applicable international agreement.

8. Venezuela explicitly and irrevocably waived sovereign immunity in the FAAs with respect to actions arising out of the FAAs or the Bonds.

9. In addition, Venezuela is not entitled to sovereign immunity under 28 U.S.C. § 1605(a)(2) because this action is based on commercial activity by Venezuela in the United States, including marketing and offering the Bonds in the United States, promising to make payments in the United States, directing the actions of its fiscal agents in the United States, and breaching its contractual obligations to Plaintiff and others.

10. In the FAAs, Venezuela explicitly and irrevocably submitted to the exclusive jurisdiction of this Court with respect to actions arising out of the FAAs or the Bonds issued

thereunder and, therefore, this Court has personal jurisdiction over Venezuela in this matter. Further, once Plaintiff serves Venezuela in accordance with 28 U.S.C. § 1608, this Court will have personal jurisdiction over Venezuela under 28 U.S.C. § 1330(b).

11. Venezuela appointed the Consul General of Venezuela, or, in the Consul's absence or incapacity, any official of the Consulate of Venezuela, which maintains offices at 7 East 51st Street, New York, New York 10022, as its authorized agent for service of process.

12. Venue is proper because, in the FAAs, Venezuela consented to and waived any objection to venue in this Court with respect to any actions arising out of the FAAs or the Bonds issued thereunder.

## FACTUAL ALLEGATIONS

### A. Syracuse's Beneficial Interests in the Bonds

13. The Bonds are "book-entry securities" registered in the name of Cede & Co. ("Cede"), as the nominee of the Depository Trust Company (the "DTC"). One of the notes (ISIN No. USP9395PAA95) was sold in reliance on Regulation S of the Securities Act of 1933 and, therefore, under the terms of the bond, the interest transferred is now held through Clearstream, Luxembourg ("Clearstream").

14. Financial institutions maintain accounts with the DTC and Clearstream through which they hold interests in such book-entry securities. Investors, such as Syracuse, own beneficial interests through the financial institutions.

15. The relevant FAAs contemplate that beneficial owners such as Syracuse will, upon appropriate authorization, be entitled to take any action that the registered holder would be entitled to bring as holder of the relevant Bond, including, as here, suits for non-payment of money owned.

16. Syracuse has received the appropriate authorizations.

**B. The FAAs, Bonds, and Offering Documents**

17. The 1997 FAA is a contract entered into as of September 3, 1997 among Venezuela, Banco Central de Venezuela, as official agent of Venezuela, and the Chase Manhattan Bank, as fiscal agent. The 1997 FAA is governed by the laws of the State of New York without regard to conflicts of law principles for all matters other than Venezuela's execution and authorization of that agreement, which are governed by the laws of Venezuela.

18. The 1998 FAA is a contract entered into as of August 6, 1998 among Venezuela, Banco Central de Venezuela, as official agent of Venezuela, and the Chase Manhattan Bank, as fiscal agent. The parties amended the 1998 FAA via amendments dated January 14, 2004 (Amendment No. 1) and September 29, 2004 (Amendment No. 2). The 1998 FAA and its amendments are governed by the laws of the State of New York without regard to conflicts of law principles for all matters other than Venezuela's execution and authorization of that agreement, which are governed by the laws of Venezuela.

19. The 2001 FAA is a contract entered into on July 25, 2001 among Venezuela, Banco Central de Venezuela, an official financial agent of Venezuela, and Deutsche Bank AG and Bakers Trust Company as fiscal agents and principal paying agents. The parties amended the 2001 FAA via amendments dated September 19, 2003 (Amendment No. 1), March 21, 2005 (Amendment No. 2), and December 17, 2007 (Amendment No. 3). The 2001 FAA and its amendments are governed by the laws of the State of New York without regard to conflicts of laws principles for all matters other than Venezuela's execution and authorization of that agreement, which are governed by the laws of Venezuela.

20. Venezuela issued the Bonds under the 1997 FAA, the 1998 FAA, and the 2001

FAA. The principal amount, interest rate, maturity, and other terms and conditions for each Bond are set forth in the Bonds themselves (the Registered Global Securities) and in their offering documents.

21. In the FAAs, Venezuela pledged its full faith and credit for the due and punctual payment of all Bonds issued under those agreements.

C. **Venezuela's Non-Payment on the Bonds**

22. Syracuse is a beneficial owner of the following Bonds issued under the FAAs, with the following terms:

| Issue | ISIN | Maturity | FAA | Principal Beneficially Held | Interest Payment Dates |
|---|---|---|---|---|---|
| 13.625% 2018 Bonds | US922646AT10 | 08/15/2018 | 1998 FAA and Amend. No. 1 | $123,027,000 | Feb. 15; Aug. 15 |
| 13.625% RegS 2018 Bonds | USP9395PAA95 | 08/15/2018 | 2001 FAA | $1,500,000 | Feb. 15; Aug. 15 |
| 7.00% 2018 Bonds | USP97475AD26 | 12/1/2018 | 2001 FAA and Amend. No. 1 | $2,500,000 | June 1; Dec. 1 |
| 12.75% 2022 Bonds | USP17625AC16 | 8/23/2022 | 2001 FAA and Amend. Nos. 1-3 | $56,530,000 | Feb. 23; Aug. 23 |
| 9.00% 2023 Bonds | USP17625AA59 | 5/7/2023 | 2001 FAA and Amend. Nos. 1-3 | $1,500,000 | May. 7; Nov. 7 |
| 8.25% 2024 Bonds | USP97475AP55 | 10/13/2024 | 2001 FAA and Amend. Nos. 1-3 | $6,000,000 | Apr. 13; Oct. 13 |
| 11.75% 2026 Bonds | USP17625AE71 | 10/21/2026 | 2001 FAA and Amend. Nos. 1-3 | $39,250,000 | Apr. 21; Oct. 21 |
| 9.25% 2027 Bonds | US922646AS37 | 9/15/2027 | 1997 FAA | $37,850,000 | Mar. 15; Sept. 15 |
| 9.25% 2028 Bonds | USP17625AB33 | 5/7/2028 | 2001 FAA and Amend. Nos. 1-3 | $17,790,000 | May 7; Nov. 7 |
| 11.95% 2031 Bonds | USP17625AD98 | 8/5/2031 | 2001 FAA and Amend. Nos. 1-3 | $26,250,000 | Feb. 5; Aug. 5 |
| 9.375% 2034 Bonds | US922646BL74 | 1/13/2034 | 1998 FAA and Amend. No. 1 | $16,750,000 | Jan. 13; July 13 |

23. Beginning in October 2017 and continuing to date, Venezuela stopped making interest payments on the Bonds when due. Specifically, Venezuela has failed to make the following interest payments required by the Bond terms:

5

| | | |
|---|---|---|
| i. | 13.625% 2018 Bonds: | Feb. 15, 2018, Aug. 15, 2018, Feb. 15, 2019, Aug. 15, 2019, Feb. 15, 2020, and Aug. 15, 2020 , February 15, 2021 |
| ii. | 7.00% 2018 Bonds: | Dec. 1, 2017, June 1, 2018, Dec. 1, 2018, June 1, 2019, Dec. 1, 2019, June 1, 2020, and Dec. 1, 2020 |
| iii. | 12.75% 2022 Bonds: | Feb. 23, 2018, Aug. 23, 2018, Feb. 23, 2019, Aug. 23, 2019, Feb. 23, 2020, and Aug. 23, 2020, February 23, 2021 |
| iv. | 9.00% 2023 Bonds: | Nov. 7, 2017, May 7, 2018, Nov. 7, 2019, May 7, 2020, and Nov. 7, 2020 |
| v. | 8.25% 2024 Bonds: | Oct. 13, 2017, Apr. 13, 2018, Oct. 13, 2018, Apr. 13, 2019, Oct. 13, 2019, Apr. 13, 2020, and Oct. 13, 2020 |
| vi. | 11.75% 2026 Bonds: | Oct. 21, 2017, Apr. 21, 2018, Oct. 21, 2018, Apr. 21, 2019, Oct. 21, 2019, Apr. 21, 2020, and Oct. 21, 2020 |
| vii. | 9.25% 2027 Bonds: | Mar. 15, 2018, Sept. 15, 2018, Mar. 15, 2019, Sept. 15, 2019, Mar. 15, 2020, and Sept. 15, 2020 |
| viii. | 9.25% 2028 Bonds: | Nov. 7, 2017, May 7, 2018, Nov. 7, 2018, May 7, 2019, Nov. 7, 2019, May 7, 2020, and Nov. 7, 2020 |

    ix.    11.95% 2031 Bonds:    Feb. 2, 2018, Aug. 5, 2018, Feb. 2, 2019, Aug. 5, 2019, Feb. 2, 2020, and Aug. 2, 2020, February 2, 2021

    x.    9.375% 2034 Bonds:    Jan. 13, 2018, July 13, 2018, Jan. 13, 2019, July 13, 2019, Jan. 13, 2020, July 13, 2020, and Jan. 13, 2021

24. Venezuela's failure to pay interest currently owing on the Bonds has continued for more than 30 days. As a result, an Event of Default exists under the terms and conditions of the Bonds.

25. Venezuela also failed to pay the entire principal amount on (i) the 13.625% 2018 Bonds when those bonds became due on August 15, 2018, (ii) the 13.625% 2018 RegS Bonds when those bonds became due on August 15, 2018, and (iii) the 7.00% 2018 Bonds when those bonds became due on December 1, 2018. Venezuela's failure to pay principal currently owing on those Bonds has continued for more than 30 days. As a result, an Event of Default exists under the terms and conditions of those Bonds.

26. Moreover, under the applicable terms, interest continues to accrue on the 13.625% 2018 Bonds and the 7.00% 2018 Bonds whether or not their maturity date has passed.

    **D. Acceleration of 9.375% 2034 Bonds**

27. Upon the occurrence of an Event of Default, Section 7 of the Terms and Conditions of the Registered Global Security for the 9.375% 2034 Bonds provides that the "holders of 25% or more in aggregate outstanding principal amount of the [Bonds] may, by written demand to Venezuela at the office of the Fiscal Agent, declare the [Bonds] immediately due and payable."

28. As noted above, Venezuela has failed to make interest payments on the 9.375% 2034 Bonds due on January 13, 2018 and July 13, 2018.  The failure to make these interest payments has continued for a period of more than 30 days, and to this day.

29. According to news reports, on December 6, 2018, holders of 25% or more of the 9.375% 2034 Bonds accelerated the outstanding principal of such Bonds pursuant to Section 7 of the Terms and Conditions of the Registered Global Security.[1]  As a result, the full amount of all unpaid principal and interest became due and payable.

30. Venezuela has failed to make payment of the full amount of unpaid principal following acceleration.

## COUNT I

### Breach of Contract on the 13.625% 2018 Bonds

31. Paragraphs 1-30 are incorporated by reference herein.

32. The 13.625% 2018 Bonds are valid and enforceable promissory notes executed by Venezuela.

33. Venezuela failed to make interest payments due to Syracuse on the 13.625% 2018 Bonds on February 15, 2018, August 15, 2018, February 15, 2019, August 15, 2019, February 15, 2020, and August 15, 2020, as required by the terms of those Bonds. These failures continued for more than 30 days and thus constitute Events of Default.

34. Venezuela failed to pay Syracuse the entire principal amount of the 13.625% 2018 Bonds, which became due and payable when 13.625% 2018 Bonds matured on August 15, 2018. This failure continued for more than 30 days and thus constitutes an Event of Default.

---

[1]  *The Wall Street Journal*, "Investors Push Venezuela for Payment on $1.5 Billion Defaulted Bond" (Dec. 17, 2018); Reuters, "Venezuela creditors demand payment on $1.5 bln defaulted bond" (Dec. 17, 2018).

35. Venezuela therefore owes Syracuse the entire principal amount of the 13.625% 2018 Bonds, plus accrued interest and pre-judgment interest.

## COUNT II

### Breach of Contract on the 13.625% 2018 RegS Bonds

36. Paragraphs 1-30 are incorporated by reference herein.

37. The 13.625% 2018 RegS Bonds are valid and enforceable promissory notes executed by Venezuela.

38. Venezuela failed to make interest payments due to Syracuse on the 13.625% 2018 RegS Bonds on February 15, 2018, August 15, 2018, February 15, 2019, August 15, 2019, February 15, 2020, and August 15, 2020, as required by the terms of those Bonds. These failures continued for more than 30 days and thus constitute Events of Default.

39. Venezuela failed to pay Syracuse the entire principal amount of the 13.625% 2018 RegS Bonds, which became due and payable when the 13.625% 2018 RegS Bonds matured on August 15, 2018. This failure continued for more than 30 days and thus constitutes an Event of Default.

40. Venezuela therefore owes Syracuse the entire principal amount of the 13.625% 2018 Bonds, plus accrued interest and pre-judgment interest.

## COUNT III

### Breach of Contract on the 7.00% 2018 Bonds

41. Paragraphs 1-30 are incorporated by reference herein.

42. The 7% 2018 Bonds are valid and enforceable promissory notes executed by Venezuela.

43. Venezuela failed to make interest payments due to Syracuse on the 7.00% 2018

Bonds on December 1, 2017, June 1, 2018, December 1, 2018, June 1, 2019, December 1, 2019, June 1, 2020, and December 1, 2020, as required by the terms of those Bonds. These failures continued for more than 30 days and thus constitute Events of Default.

44. Venezuela failed to pay Syracuse the entire principal amount of the 7% 2018 Bonds, which became due and payable when the 7% 2018 Bonds matured on December 1, 2018. This failure continued for more than 30 days and thus constitutes an Event of Default.

45. Venezuela therefore owes Syracuse the entire principal amount of the 7% 2018 Bonds, plus accrued interest and pre-judgment interest.

## COUNT IV

### Breach of Contract on the 12.75% 2022 Bonds

46. Paragraphs 1-30 are incorporated by reference herein.

47. The 12.75% 2022 Bonds are valid and enforceable promissory notes executed by Venezuela.

48. Venezuela failed to make interest payments due to Syracuse on the 12.75% 2022 Bonds on February 23, 2018, August 23, 2018, February 23, 2019, August 23, 2019, February 23, 2020, August 23, 2020, and February 23, 2021, as required by the terms of those Bonds. These failures continued for more than 30 days and thus constitute Events of Default.

49. Venezuela therefore owes Syracuse the accrued unpaid interest on their 12.75% 2022 Bonds, plus pre-judgment interest.

## COUNT V

### Breach of Contract on the 9.00% 2023 Bonds

50. Paragraphs 1-30 are incorporated by reference herein.

51. The 9.00% 2023 Bonds are valid and enforceable promissory notes executed by

Venezuela.

52. Venezuela failed to make interest payments due to Syracuse on the 9.00% 2023 Bonds on November 7, 2017, May 7, 2018, November 7, 2019, May 7, 2020, and November 7, 2020, as required by the terms of those Bonds. These failures continued for more than 30 days and thus constitute Events of Default.

53. Venezuela therefore owes Syracuse the accrued unpaid interest on their 9.00% 2023 Bonds, plus pre-judgment interest.

## COUNT VI

### Breach of Contract on the 8.25% 2024 Bonds

54. Paragraphs 1-30 are incorporated by reference herein.

55. The 8.25% 2024 Bonds are valid and enforceable promissory notes executed by Venezuela.

56. Venezuela failed to make interest payments due to Syracuse on the 8.25% 2024 Bonds on October 13, 2017, April 13, 2018, October 13, 2018, April 13, 2019, October 13, 2019, April 13, 2020, and October 13, 2020, as required by the terms of those Bonds. These failures continued for more than 30 days and thus constitute Events of Default.

57. Venezuela therefore owes Syracuse the accrued unpaid interest on their 8.25% 2024 Bonds, plus pre-judgment interest.

## COUNT VII

### Breach of Contract on the 11.75% 2026 Bonds

58. Paragraphs1-30 are incorporated by reference herein.

59. The 11.75% 2026 Bonds are valid and enforceable promissory notes executed by Venezuela.

60. Venezuela failed to make interest payments due to Syracuse on the 11.75% 2026 Bonds on October 21, 2017, April 21, 2018, October 21, 2018, April 21, 2019, October 21, 2019, April 21, 2020, and October 21, 2020, as required by the terms of those Bonds. These failures continued for more than 30 days and thus constitute Events of Default.

61. Venezuela therefore owes Syracuse the accrued unpaid interest on their 11.75% 2026 Bonds, plus pre-judgment interest.

## COUNT VIII

### Breach of Contract on the 9.25% 2027 Bonds

62. Paragraphs 1-30 are incorporated by reference herein.

63. The 9.25% 2027 Bonds are valid and enforceable promissory notes executed by Venezuela.

64. Venezuela failed to make interest payments due to Syracuse on the 9.25% 2027 Bonds on March 15, 2018, September 15, 2018, March 15, 2019, September 15, 2019, March 15, 2020, and September 15, 2020, as required by the terms of those Bonds. These failures continued for more than 30 days and thus constitute Events of Default.

65. Venezuela therefore owes Syracuse the accrued unpaid interest on their 9.25% 2027 Bonds, plus pre-judgment interest.

## COUNT IX

### Breach of Contract on the 9.25% 2028 Bonds

66. Paragraphs 1-30 are incorporated by reference herein.

67. The 9.25% 2028 Bonds are valid and enforceable promissory notes executed by Venezuela.

68. Venezuela failed to make interest payments due to Syracuse on the 9.25% 2028

Bonds on November 7, 2017, May 7, 2018, November 7, 2018, May 7, 2019, November 7, 2019, May 7, 2020, and November 7, 2020, as required by the terms of those Bonds. These failures continued for more than 30 days and thus constitute Events of Default.

69. Venezuela therefore owes Syracuse the accrued unpaid interest on their 9.25% 2028 Bonds, plus pre-judgment interest.

## COUNT X

### Breach of Contract on the 11.95% 2031 Bonds

70. Paragraphs 1-31 are incorporated by reference herein.

71. The 11.95% 2031 Bonds are valid and enforceable promissory notes executed by Venezuela.

72. Venezuela failed to make interest payments due to Syracuse on the 11.95% 2031 Bonds on February 2, 2018, August 5, 2018, February 2, 2019, August 5, 2019, February 2, 2020, August 2, 2020, and February 2, 2021, as required by the terms of those Bonds. These failures continued for more than 30 days and thus constitute Events of Default.

73. Venezuela therefore owes Syracuse the accrued unpaid interest on their 11.95% 2031 Bonds, plus pre-judgment interest.

## COUNT XI

### Breach of Contract on the 9.375% 2034 Bonds

74. Paragraphs 1-30 are incorporated by reference herein.

75. The 9.375% 2034 Bonds are valid and enforceable promissory notes executed by Venezuela.

76. Venezuela failed to make interest payments due to Syracuse on the 9.375% 2034 Bonds on January 13, 2018, July 13, 2018, January 13, 2019, July 13, 2019, January 13, 2020,

July 13, 2020, and January 13, 2021, as required by the terms of those Bonds. These failures continued for more than 30 days and thus constitute Events of Default.

77. The principal amount owed on the 9.375% 2034 Bonds became due and payable in its entirety on or about December 6, 2018, when holders of greater than 25% of the outstanding principal provided notice of acceleration. Venezuela's failure to pay the full amount of unpaid principal following acceleration on December 6, 2018 continued for a period of more than 30 days and continues today. This failure to pay principal is another Event of Default under Section 7(a) of the Terms and Conditions of the Registered Global Security.

78. Venezuela therefore owes Syracuse the full amount of unpaid principal and accrued unpaid interest on their 9.375% 2034 Bonds, plus pre-judgment interest.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court enter judgment in its favor and against Venezuela as follows:

A. Declaring that the 1997 FAA, the 1998 FAA, the 2001 FAA, and each Bond is an enforceable, valid, and unconditional obligation owed by Venezuela;

B. Declaring that Venezuela has breached the 1997 FAA, the 1998 FAA, the 2001 FAA, and the terms of each of the Bonds, by failing to pay Plaintiff the contractually required interest payments and principal;

C. Awarding damages to Plaintiff in an amount to be proven, but in no event less than the contractually required interest payments and principal;

D. Awarding Plaintiff fees and costs, including attorneys' fees, as permitted by law;

E. Awarding Plaintiff pre-judgment and post-judgment interest; and

F. Awarding Plaintiff other and further relief as the Court deems just and equitable.

Dated: March 29, 2021

Respectfully submitted,

*/s/*
Nicolas Swerdloff
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004
Tel: 212-837-6000
Fax: 212-422-4726
Email: nicolas.swerdloff@hugheshubbard.com

Michael A. DeBernardis (admission *pro hac vice* pending)
Hughes Hubbard & Reed LLP
1775 I Street, N.W.
Washington, D.C.  20006-2401
Tel:  202-721-4600
Fax:  202-729-4600
Email: michael.debernardis@hugheshubbard.com

*Counsel for Plaintiff Syracuse Mountains Corp.*