

Hughes
Hubbard
& Reed

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Office:+1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Nicolas Swerdloff
Partner
Direct Dial: +1 (305) 379-5571
nicolas.swerdloff@hugheshubbard.com

April 13, 2021

VIA ECF (with courtesy copy to: Torres_NYSDChambers@nysd.uscourts.gov)

The Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007

Re:   *Syracuse Mountains Corp. v. Bolivarian Republic of Venezuela*, Case No.
1:21-cv-02678-AT

Dear Judge Torres:

On behalf of our client, Syracuse Mountains Corporation, we respectfully submit this

letter pursuant to Rules I.B and III.A of your Honor's Individual Practices, seeking entry of an

order authorizing service of the summons and complaint on the Bolivarian Republic of

Venezuela ("Venezuela") via diplomatic channels under 28 U.S.C. § 1608(a)(4).  In prior

proceedings before this Court, Venezuela has contended that "[t]he only method of service

currently available against [Venezuela] is set forth in § 1608(a)(4), which allows for service

through diplomatic channels." Memorandum in Support of Motion to Vacate Certificate of

Default & Dismiss for Lack of Personal Jurisdiction at 17, *Lovati et al. v. Bolivarian Republic of

Venezuela*, No. 1:19-cv-4796-ALC (S.D.N.Y. Mar. 13, 2020), Dkt. 44.  For service under

Section 1608(a)(4), the Foreign Mailing Instructions of the Clerk of this Court direct parties to

present a letter of request to the Clerk. *See* Clerk's Office, *Foreign Mailing Instructions*, at 12.

The Honorable Analisa Torres
April 13, 2021
Page 2

In advance of such a request to the Clerk, Plaintiff respectfully submits this letter to ensure

service is properly and timely effected under the Foreign Sovereign Immunities Act of 1976

("FSIA").

Plaintiff is a beneficial owner of several series of bonds issued by Venezuela. *See*

Compl. ¶ 1, Dkt. 1. As your Honor is now aware, Venezuela has failed since October 2017 to

pay owed principal and interest on those bonds in accordance with the bonds' terms. *See, e.g.*,

*Contrarian Capital Mgmt., L.L.C. et al. v. Bolivarian Republic of Venezuela*, 2020 WL 5849013,

at *1 (S.D.N.Y. Oct. 1, 2020) (Torres, J.). Plaintiff filed its complaint in this action on March

29, 2021, asserting claims for breach of contract with respect to the owed principal and interest

payments.

The FSIA provides the exclusive rules for service of process on a foreign state.

28 U.S.C. § 1608(a). Section 1608(a) identifies four allowable methods of service on a foreign

state. According to the FSIA, a plaintiff must "attempt service by the first method (or determine

that it is unavailable) before proceeding to the second method, and so on." *Angellino v. Royal*

*Family Al-Saud*, 688 F.3d 771, 773 (D.C. Cir. 2012) (citations omitted). As explained below, the

first three methods of service set forth in Sections 1608(a), are unavailable:

- Section 1608(a)(1) allows for service by "special arrangement." The bonds at issue contain a special arrangement for service on the Consulate General or an alternative agent in New York. However, Venezuela has closed the Consulate General and has failed to maintain an alternate agent to accept service of process. *See* Def.'s Reply in Support of Motion to Vacate Certificate of Default & Dismiss for Lack of Personal Jurisdiction at 7, *Lovati*, No. 1:19-cv-4796-ALC, Dkt. 48. As a result, Venezuela has maintained that service is unavailable through the "special arrangement" agreed in the applicable bonds. *Id*.

- Section 1608(a)(2) allows for service in accordance with an applicable international convention. Venezuela is a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague

The Honorable Analisa Torres
April 13, 2021
Page 3

Convention. However, Venezuela has made clear to this Court that service under the Hague Convention is unavailable because it "would require the Court to recognize the actions and decrees of the Maduro regime, in contravention to the Executive's exclusive recognition of Juan Guaidó." Def.'s Reply in Support of Motion to Vacate Certificate of Default & Dismiss for Lack of Personal Jurisdiction at 17, *Lovati*, No. 1:19-cv-4796-ALC, Dkt. 48.

- Section 1608(a)(3) allows for service by mail. Venezuela has taken the position that this method of service is unavailable as well. Def.'s Reply in Support of Motion to Vacate Certificate of Default & Dismiss for Lack of Personal Jurisdiction at 17, *Lovati*, No. 19-cv-4796-ALC, Dkt. 48. This Court has also recognized that service under Section 1608(a)(3) "appears to be 'categorically unavailable'" for Venezuela. Order at 2, *Casa Express Corp. v. Bolivarian Republic of Venezuela*, No. 1:18-cv-11940-AT (S.D.N.Y. Apr. 3, 2019), Dkt. 22 (quoting *Azadeh v. Gov't of the Islamic Republic of Iran*, 318 F. Supp. 3d 90, 99 (D.D.C. 2018)).

This leaves the fourth method of service: 28 U.S.C. § 1608(a)(4). In related cases, this Court has given effect to Venezuela's contentions in the *Lovati* case noted above by directly ordering service under Section 1608(4). *See, e.g.* Order, *Casa Express Corp. v. Bolivarian Republic of Venezuela*, No. 1:18-cv-11940-AT (S.D.N.Y. Apr. 3, 2019), Dkt. 22; Order, *Altana Credit Opportunities Fund et al. v. Bolivarian Republic of Venezuela*, No. 1:20-cv-08402-AT (S.D.N.Y. Nov. 12, 2020), Dkt. 16. Plaintiff respectfully requests that the Court similarly order service of Venezuela through the U.S. Department of State under Section 1608(a)(4), given the unavailability of the other methods of service prescribed by the FSIA.

Because Plaintiff has not yet served Venezuela, Plaintiff does not know if Venezuela is represented by counsel in this matter.

Respectfully,

/s/ Nicolas Swerdloff
Nicolas Swerdloff