UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SYRACUSE MOUNTAINS
CORPORATION,

                        Plaintiff,

            v.                                    Civil Action No.: 21-cv-02678

BOLIVARIAN REPUBLIC OF
VENEZUELA,

                        Defendant.

**DECLARATION OF MICHAEL A. DEBERNARDIS IN SUPPORT OF
PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT**

I, Michael A. DeBernardis, declare and state as follows:

1.      I respectfully submit this Declaration in support of Plaintiff's application for

default judgment. I have personal knowledge about the information in this Declaration.

2.      I am a partner at the law firm Hughes Hubbard & Reed LLP, and I represent

Plaintiff Syracuse Mountains Corporation ("Syracuse") in the above-captioned case.

3.      Pursuant to Attachment A of your Honor's Rules of Individual Practices in Civil

Cases, attached hereto and included separately from the exhibits set forth below, are (1) a

proposed order granting default judgment, (2) a proposed default judgment, (3) a Certificate of

Default from the Clerk of Court, (4) a copy of the Complaint, and (5) a copy of a letter dated

March 8, 2022 from the U.S. Department of State, with a copy of the diplomatic note evidencing

service of the summons and Complaint.

**A.      Exhibits**

4.      Attached as Exhibit A is a true and accurate copy of Syracuse's Safra National

1

Bank of New York ("SNBNY") Account Statements, dated March 31, 2022, which shows Syracuse's beneficial ownership of the various series of bonds at issue in this proceeding.

5.      Attached as Exhibit B is a true and accurate copy of the listing memorandum for a series of 13.625% bonds issued by defendant the Bolivarian Republic of Venezuela ("Venezuela") designated ISIN US922646AT10 and CUSIP 922646AT1, as well as a supplement thereto dated July 30, 1998 ("13.625% 2018 Listing Memorandum").

6.      Attached as Exhibit C is a true and accurate copy of the registered global security for the same 13.625% bonds designated ISIN US922646AT10 and CUSIP 922646AT1 ("13.625% 2018 RGS").

7.      Attached as Exhibit D is a true and accurate copy of the listing memorandum for a series of 13.625% bonds issued by Venezuela under Regulation S of the Securities Act of 1933 designated ISIN USP9395PAA95 and CUSIP P9395PAA9 ("13.625% 2018 Reg S Listing Memorandum").

8.      Attached as Exhibit E is a true and accurate copy of the listing memorandum for a series of 7% bonds issued by Venezuela designated ISIN USP97475AD26 and CUSIP P97475AD2 ("7.00% 2018 Listing Memorandum").

9.      Attached as Exhibit F is a true and accurate copy of the listing memorandum for a series of 12.75% bonds issued by Venezuela designated ISIN USP17625AC16 and CUSIP P17625AC1 ("12.75% 2022 Listing Memorandum").

10.     Attached as Exhibit G is a true and accurate copy of the listing memorandum for a series of 9% bonds issued by Venezuela designated ISIN USP17625AA59 and CUSIP P17625AA5 ("9.00% 2023 Listing Memorandum").

11.     Attached as Exhibit H is a true and accurate copy of the listing memorandum for a

series of 8.25% bonds issued by Venezuela designated ISIN USP97475AP55 and CUSIP P97475AP5 ("8.25% 2024 Listing Memorandum").

12.     Attached as Exhibit I is a true and accurate copy of the listing memorandum for a series of 11.75% bonds issued by Venezuela designated ISIN USP17625AE71 and CUSIP P17625AE7 ("11.75% 2026 Listing Memorandum").

13.     Attached as Exhibit J is a true and accurate copy of the listing memorandum for a series of 9.25% bonds issued by Venezuela designated ISIN US922646AS37 and CUSIP 922646AS3 ("9.25% 2027 Listing Memorandum").

14.     Attached as Exhibit K is a true and accurate copy of the listing memorandum for a series of 9.25% bonds issued by Venezuela designated ISIN USP17625AB33 and CUSIP P17625AB3 ("9.25% 2028 Listing Memorandum").

15.     Attached as Exhibit L is a true and accurate copy of the listing memorandum for a series of 11.95% bonds issued by Venezuela designated ISIN USP17625AD98 and CUSIP P17625AD9 ("11.95% 2031 Listing Memorandum").

16.     Attached as Exhibit M is a true and accurate copy of the listing memorandum for a series of 9.375% bonds issued by Venezuela designated ISIN US922646BL74 and CUSIP 922646BL7 ("9.375% 2034 Listing Memorandum").

17.     Attached as Exhibit N is a true and accurate copy of the registered global security for the same 9.375% bonds designated ISIN US922646BL74 and CUSIP 922646BL7 ("9.375% 2034 RGS").

18.     Attached as Exhibit O is true and accurate copy of a fiscal agency agreement ("FAA") dated September 3, 1997, between Venezuela and Banco Central de Venezuela, as Venezuela's official financial agent, and The Chase Manhattan Bank, as fiscal agent ("1997

FAA").

19.     Attached as Exhibit P is a true and accurate copy of a fiscal agency agreement dated August 6, 1998, between Venezuela and Banco Central de Venezuela, as Venezuela's official financial agent, and The Chase Manhattan Bank, as fiscal agent ("1998 FAA").

20.     Attached as Exhibit Q is a true and accurate copy of the first amendment to the 1998 FAA, dated January 19, 2004. ("1998 FAA Amendment").

21.     Attached as Exhibit R is a true and accurate copy of a fiscal agency agreement dated July 25, 2001, between Venezuela and Banco Central de Venezuela, as Venezuela's official financial agent, and Deutsche Bank AG and Deutsche Bank Trust Company Americas (formerly Bankers Trust Company), as fiscal agents ("2001 FAA").

22.     Attached as Exhibit S are true and accurate copies of three amendments to the 2001 Fiscal Agency Agreement, dated September 19, 2003, March 21, 2005, and December 17, 2007 ("2001 FAA Amendments").

23.     Attached as Exhibit T are true and accurate copies of letters from Cede & Co., as nominee of The Depository Trust Company ("DTC"), authorizing Syracuse to initiate suit on the series of bonds issued by Venezuela designated with the following ISINs: US922646AT10, USP97475AD26, USP17625AC16, USP17625AA59, USP97475AP55, USP17625AE71, US922646AS37, USP17625AB33, USP17625AD98, and US922646BL74 ("Cede & Co. Authorization Letters").

24.     Attached as Exhibit U is a true and accurate copy of a letter from Safra Securities LLC, authorizing Syracuse to initiate suit on the series of bonds issued by Venezuela designated ISIN USP9395PAA95 ("Safra Authorization Letter").

**B.      Basis for Default Judgment**

25.      On March 29, 2021, Syracuse brought this breach-of-contract action against

Venezuela. *See* Dkt. 1. Although the fiscal agency agreements ("FAAs") governing the bonds at

issue in this case provide that service "may be made upon the Consul General of the Republic of

Venezuela or, in his or her absence or incapacity, any official of the Consulate of Venezuela,"

*see, e.g.*, Ex. R § 14(b) (2001 FAA), Venezuela has admitted in other proceedings before this

Court that "the Consul General has been recalled, the Consulate has been closed, and no

replacement process agent has been appointed[,]" and has asserted that, as a result, "[t]he only

method of service currently available against [Venezuela] is set forth in§ 1608(a)(4), which

allows for service through diplomatic channels." Memorandum in Support of Motion to Vacate

Certificate of Default & Dismiss for Lack of Personal Jurisdiction at 17, *Lovati et al. v.*

*Bolivarian Republic of Venezuela*, No. 1:19-cv-4796-ALC (S.D.N.Y. Mar. 13, 2020), ECF No.

44. As a result, on April 14, 2021 this Court allowed Plaintiff to "effect service on Defendant by

the method set forth in 28 U.S.C. § 1608(a)(4)[,]" a subsection of the Foreign Sovereign

Immunities Act (FSIA). Dkt. 14.

26.      On May 21, 2021, at the request of Plaintiff pursuant to the Court's order, the

Clerk of Court issued a Certificate of Mailing noting that two copies each of the summons with

attached affidavit of translation, the complaint with attached affidavit of translation, notice of

suit with attached affidavit of translation, statements of relatedness with attached affidavit of

translation, corporate disclosure statement with attached affidavit of translation, and civil cover

sheet with attached affidavit of translation had been dispatched to the U.S. Department of State,

Office of Legal Affairs for service on the Bolivarian Republic of Venezuela pursuant to 28

U.S.C. § 1608(a)(4). *See* Dkt. 19.

27.     On March 8, 2022, the U.S. Department of State delivered to Plaintiff and the Clerk of Court a letter and a certified copy of the diplomatic note indicating that the documents had been delivered to the Embassy of the Bolivarian Republic of Venezuela in Washington, DC under cover of U.S. Department of State diplomatic note on February 9, 2022. *See* Dkt. 33-1.

28.     Receipt of this letter and certified copy of the diplomatic note was acknowledged by the Court on March 11, 2022. *See* Dkt. 34.

29.     Pursuant to 28 U.S.C. § 1608(c)(1) and (d), a foreign state served pursuant to 28 U.S.C. § 1608(a)(4) "shall serve an answer or other responsive pleading to the complaint within sixty days after service has been made," which in these circumstances is "the date of transmittal indicated in the certified copy of the diplomatic note." Here, the date of transmittal indicated in the certified copy of the diplomatic note was February 9, 2022.

30.     Accordingly, Defendant the Bolivarian Republic of Venezuela's answer or other responsive pleading was due 60 days from February 9, 2022, or April 11, 2022.

31.     Venezuela did not answer the Complaint or file a responsive pleading by April 11, 2022. On April 12, 2022, Plaintiff filed a proposed certificate of default. *See* Dkt. 36. The same day, the Clerk of Court issued a certificate of default. *See* Dkt. 38.

32.     Other than service of the summons and Complaint, there has been no other relevant procedural history.

**C.     Basis for Legal Liability**

33.     Because default judgment is sought against a foreign sovereign pursuant to the FSIA, the Court must assure itself that Plaintiff has "establishe[d] [its] claim or right to relief by evidence satisfactory to the court." 28 U.S.C. § 1608(e). The facts and evidence establishing Plaintiff's right to relief are set forth below.

a.      **The Bonds**

i.      **The 13.625% 2018 Bonds**

34.     The first series of bonds, designated ISIN US922646AT10 and CUSIP 922646AT1, accrues interest at a rate of 13.625% per year and matured on August 15, 2018. *See* Ex. B (13.625% 2018 Listing Memorandum). I refer to this series of bonds as "the 13.625% 2018 Bonds."

35.     Syracuse is the beneficial owner of $123,027,000 principal amount of the 13.625% 2018 Bonds. *See* Ex. A.

36.     The terms of the 13.625% 2018 Bonds are set forth in Exhibit B, the relevant listing memorandum and a supplement thereto, as well as Exhibit C, the registered global security for the Bonds. The 13.625% 2018 Bonds were issued in accordance with the 1998 FAA (Exhibit P), as amended by Amendment No. 1 thereto (Exhibit Q), dated January 14, 2004. *See* Ex. B at 11.

37.     The 13.625% 2018 Bonds accrue interest at a rate of 13.625% per year. *See* Exs. B, C. Half of the annual interest (6.8125%) is payable biannually on February 15 and August 15 of each year. *See* Ex. B at 11. The terms of the 13.625% 2018 Bonds provide that interest payments will continue "until the principal hereof is paid or made available for payment." Ex. C at 1.

38.     The 13.625% 2018 Bonds matured on August 15, 2018, at which time the entire principal became due and payable. *See* Ex. B at 11.

39.     Syracuse is authorized to take any and all action and exercise any and all rights and remedies under the terms of the 13.625% 2018 Bonds. *See* Ex. T.

### ii.      The 13.625% 2018 Reg S Bonds

40.     The second series of bonds, designated ISIN USP9395PAA95 and CUSIP

P9395PAA9, matured on August 15, 2018 and accrues interest at a rate of 13.625% per year. *See*

Ex. D (13.625% 2018 Listing Memorandum). Unlike the first series of bonds, which also

matured in 2018 and earned 13.625% interest per annum, this second series of bonds was issued

under Regulation S of the Securities Act of 1933. To distinguish these, I refer to this series of

bonds as "the 13.625% 2018 Reg S Bonds."

41.     Syracuse is the beneficial owner of $1,500,000 principal amount of the 13.625%

2018 Reg S Bonds. *See* Ex. A.

42.     The terms of the 13.625% 2018 Reg S Bonds are set forth in Exhibit D, the

relevant listing memorandum. The 13.625% 2018 Reg S Bonds were issued in accordance with

the 2001 FAA (Exhibit R). *See* Ex. D at 9.

43.     The 13.625% 2018 Reg S Bonds accrue interest at a rate of 13.625% per year. *See*

Ex. D. Half of the annual interest (6.8125%) is payable biannually on February 15 and August 15

of each year. *See* Ex. D at 12. The 13.625% 2018 Reg S Bonds matured on August 15, 2018, at

which time the entire principal became due and payable. *See* Ex. D at 12.

44.     The terms of the 13.625% 2018 Reg S Bonds provide for the accrual of interest

beyond maturity should Venezuela fail to redeem the bonds when due. *See* Ex. D at 12.

45.     Syracuse is authorized to take any and all action and exercise any and all rights

and remedies under the terms of the 13.625% 2018 Reg S Bonds. *See* Ex. U.

### iii.      The 7.00% 2018 Bonds

46.     The third series of bonds, designated ISIN USP97475AD26 and CUSIP

P97475AD2, matured on December 1, 2018 and accrues interest at a rate of 7.00% per year. *See*

Ex. E (7.00% 2018 Listing Memorandum). I refer to this series of bonds as "the 7.00% 2018 Bonds."

47.     Syracuse is the beneficial owner of $2,500,000 principal amount of the 7.00% 2018 Bonds. *See* Ex. A.

48.     The terms of the 7.00% 2018 Bonds are set forth in Exhibit E, the relevant listing memorandum. The 7.00% 2018 Bonds were issued in accordance with the 2001 FAA (Exhibit R), as amended by Amendment No. 1 thereto (Exhibit S, in part), dated September 19, 2003. *See* Ex. E at 11.

49.     The 7.00% 2018 Bonds accrue interest at a rate of 7.00% per year. *See* Ex. E. Half of the annual interest (3.50%) is payable biannually on December 1 and June 1 of each year. *See* Ex. E at 11. The 7.00% 2018 Bonds matured on December 1, 2018, at which time the entire principal became due and payable. *See* Ex. E at 14

50.     The terms of the 7.00% 2018 Bonds provide for the accrual of interest beyond maturity should Venezuela fail to redeem the bonds when due. *See* Ex. E at 14.

51.     Syracuse is authorized to take any and all action and exercise any and all rights and remedies under the terms of the 7.00% 2018 Bonds. *See* Ex. T.

### iv.     The 12.75% 2022 Bonds

52.     The fourth series of bonds, designated ISIN USP17625AC16 and CUSIP P17625AC1, matures on August 23, 2022 and accrues interest at a rate of 12.75% per year. *See* Ex. F (7.00% 2022 Listing Memorandum). I refer to this series of bonds as "the 12.75% 2022 Bonds."

53.     Syracuse is the beneficial owner of $55,530,000 principal amount of the 12.75% 2022 Bonds. *See* Ex. A.

54.     The terms of the 12.75% 2022 Bonds are set forth in Exhibit F, the relevant listing memorandum. The 12.75% 2022 Bonds were issued in accordance with the 2001 FAA (Exhibit R), as amended by Amendment Nos. 1 through 3 thereto (Exhibit S), dated September 19, 2003, March 25, 2005, and December 17, 2007. *See* Ex. F at 12.

55.     The 12.75% 2022 Bonds accrue interest at a rate of 12.75% per year. *See* Ex. F. Half of the annual interest (6.375%) is payable biannually on August 23 and February 23 of each year. *See* Ex. F at 12. The 12.75% 2022 Bonds fully mature on August 23, 2022, but the principal is due in three equal annual installments on August 23, 2020, August 23, 2021, and August 23, 2022. *See* Ex. F at 12.

56.     The terms of the 12.75% 2022 Bonds provide for the accrual of interest beyond maturity should Venezuela fail to redeem the bonds when due. *See* Ex. F at 15.

57.     Syracuse is authorized to take any and all action and exercise any and all rights and remedies under the terms of the 12.75% 2022 Bonds. *See* Ex. T.

**v.      The 9.00% 2023 Bonds**

58.     The fifth series of bonds, designated ISIN USP17625AA59 and CUSIP P17625AA5, matures on May 7, 2023 and accrues interest at a rate of 9.00% per year. *See* Ex. G (9.00% 2023 Listing Memorandum). I refer to this series of bonds as "the 9.00% 2023 Bonds."

59.     Syracuse is the beneficial owner of $1,500,000 principal amount of the 9.00% 2023 Bonds. *See* Ex. A.

60.     The terms of the 9.00% 2023 Bonds are set forth in Exhibit G, the relevant listing memorandum. The 9.00% 2023 Bonds were issued in accordance with the 2001 FAA (Exhibit R), as amended by Amendment Nos. 1 through 3 thereto (Exhibit S), dated September 19, 2003, March 25, 2005, and December 17, 2007. *See* Ex. G at 11.

61.     The 9.00% 2023 Bonds accrue interest at a rate of 9.00% per year. *See* Ex. G. Half of the annual interest (4.50%) is payable biannually on May 7 and November 7 of each year. *See* Ex. G at 14. The 9.00% 2023 Bonds will mature on May 7, 2023, at which time the entire principal will become due and payable. *See* Ex. G at 14

62.     The terms of the 9.00% 2023 Bonds provide for the accrual of interest beyond maturity should Venezuela fail to redeem the bonds when due. *See* Ex. G at 14.

63.     Syracuse is authorized to take any and all action and exercise any and all rights and remedies under the terms of the 9.00% 2023 Bonds. *See* Ex. T.

> **vi.     The 8.25% 2024 Bonds**

64.     The sixth series of bonds, designated ISIN USP97475AP55 and CUSIP P97475AP5, matures on October 13, 2024 and accrues interest at a rate of 8.25% per year. *See* Ex. H (8.25% 2024 Listing Memorandum). I refer to this series of bonds as "the 8.25% 2024 Bonds."

65.     Syracuse is the beneficial owner of $6,000,000 principal amount of the 8.25% 2024 Bonds. *See* Ex. A.

66.     The terms of the 8.25% 2024 Bonds are set forth in Exhibit H, the relevant listing memorandum. The 8.25% 2024 Bonds were issued in accordance with the 2001 FAA (Exhibit R), as amended by Amendment Nos. 1 through 3 thereto (Exhibit S), dated September 19, 2003, March 25, 2005, and December 17, 2007. *See* Ex. H at 12.

67.     The 8.25% 2024 Bonds accrue interest at a rate of 8.25% per year. *See* Ex. H. Half of the annual interest (4.125%) is payable biannually on October 13 and April 13 of each year. *See* Ex. H at 15. The 8.25% 2024 Bonds will mature on October 13, 2024, at which time the entire principal will become due and payable. *See* Ex. H at 15.

68.     The terms of the 8.25% 2024 Bonds provide for the accrual of interest beyond maturity should Venezuela fail to redeem the bonds when due. *See* Ex. H at 15.

69.     Syracuse is authorized to take any and all action and exercise any and all rights and remedies under the terms of the 8.25% 2024 Bonds. *See* Ex. T.

      **vii.     The 11.75% 2026 Bonds**

70.     The seventh series of bonds, designated ISIN USP17625AE71 and CUSIP P17625AE7, matures on October 21, 2026 and accrues interest at a rate of 11.75% per year. *See* Ex. I (11.75% 2026 Listing Memorandum). I refer to this series of bonds as "the 11.75% 2026 Bonds."

71.     Syracuse is the beneficial owner of $39,250,000 principal amount of the 11.75% 2026 Bonds. *See* Ex. A.

72.     The terms of the 11.75% 2026 Bonds are set forth in Exhibit I, the relevant listing memorandum. The 11.75% 2026 Bonds were issued in accordance with the 2001 FAA (Exhibit R), as amended by Amendment Nos. 1 through 3 thereto (Exhibit S), dated September 19, 2003, March 25, 2005, and December 17, 2007. *See* Ex. I at 12.

73.     The 11.75% 2026 Bonds accrue interest at a rate of 11.75% per year. *See* Ex. I. Half of the annual interest (5.875%) is payable biannually on October 21 and April 21 of each year. *See* Ex. I at 12. The 11.75% 2026 Bonds will mature on October 21, 2026, at which time the entire principal will become due and payable. *See* Ex. I at 15.

74.     The terms of the 11.75% 2026 Bonds provide for the accrual of interest beyond maturity should Venezuela fail to redeem the bonds when due. *See* Ex. I at 15.

75.     Syracuse is authorized to take any and all action and exercise any and all rights and remedies under the terms of the 11.75% 2026 Bonds. *See* Ex. T.

    **viii.**        **The 9.25% 2027 Bonds**

76.    The eighth series of bonds, designated ISIN US922646AS37 and CUSIP 922646AS3, matures on September 15, 2027 and accrues interest at a rate of 9.25% per year. *See* Ex. J (9.25% 2027 Listing Memorandum). I refer to this series of bonds as "the 9.25% 2027 Bonds."

77.    Syracuse is the beneficial owner of $37,500,000 principal amount of the 9.25% 2027 Bonds. *See* Ex. A.

78.    The terms of the 9.25% 2027 Bonds are set forth in Exhibit J, the relevant listing memorandum. The 9.25% 2027 Bonds were issued in accordance with the 1997 FAA (Exhibit O), dated September 3, 1997. *See* Ex. J at 73.

79.    The 9.25% 2027 Bonds accrue interest at a rate of 9.25% per year. *See* Ex. H. Half of the annual interest (4.625%) is payable biannually on March 15 and September 15 of each year. *See* Ex. J at 73. The 9.25% 2027 Bonds will mature on September 15, 2027, at which time the entire principal will become due and payable. *See* Ex. J at 73.

80.    Syracuse is authorized to take any and all action and exercise any and all rights and remedies under the terms of the 9.25% 2027 Bonds. *See* Ex. T.

    **ix.**        **The 9.25% 2028 Bonds**

81.    The ninth series of bonds, designated ISIN USP17625AB33 and CUSIP P17625AB3, matures on May 7, 2028 and accrues interest at a rate of 9.25% per year. *See* Ex. K (9.25% 2028 Listing Memorandum). I refer to this series of bonds as "the 9.25% 2028 Bonds."

82.    Syracuse is the beneficial owner of $17,790,000 principal amount of the 9.25% 2028 Bonds. *See* Ex. A.

83.    The terms of the 9.25% 2028 Bonds are set forth in Exhibit K, the relevant listing

memorandum. The 9.25% 2028 Bonds were issued in accordance with the 2001 FAA (Exhibit R), as amended by Amendment Nos. 1 through 3 thereto (Exhibit S), dated September 19, 2003, March 25, 2005, and December 17, 2007. *See* Ex. K at 11.

84.     The 9.25% 2028 Bonds accrue interest at a rate of 9.25% per year. *See* Ex. K. Half of the annual interest (4.625%) is payable biannually on May 7 and November 7 of each year. *See* Ex. K at 14. The 9.25% 2028 Bonds will mature on May 7, 2028, at which time the entire principal will become due and payable. *See* Ex. K at 14.

85.     The terms of the 9.25% 2028 Bonds provide for the accrual of interest beyond maturity should Venezuela fail to redeem the bonds when due. *See* Ex. K at 14.

86.     Syracuse is authorized to take any and all action and exercise any and all rights and remedies under the 9.25% 2028 Bonds. *See* Ex. T.

> **x.     The 11.95% 2031 Bonds**

87.     The tenth series of bonds, designated ISIN USP17625AD98 and CUSIP P17625AD9, matures on August 5, 2031 and accrues interest at a rate of 11.95% per year. *See* Ex. L (11.95% 2031 Listing Memorandum). I refer to this series of bonds as "the 11.95% 2031 Bonds."

88.     Syracuse is the beneficial owner of $26,250,000 principal amount of the 11.95% 2031 Bonds. *See* Ex. A.

89.     The terms of the 11.95% 2031 Bonds are set forth in Exhibit L, the relevant listing memorandum. The 11.95% 2031 Bonds were issued in accordance with the 2001 FAA (Exhibit R), as amended by Amendment Nos. 1 through 3 thereto (Exhibit S), dated September 19, 2003, March 25, 2005, and December 17, 2007. *See* Ex. L at 11.

90.     The 11.95% 2031 Bonds accrue interest at a rate of 11.95% per year. *See* Ex. L.

Half of the annual interest (5.975%) is payable biannually on February 5 and August 5 of each year. *See* Ex. L at 14. The 11.95% 2031 Bonds will fully mature on August 5, 2031, but the principal is due in three equal annual installments on August 5, 2029, August 5, 2030, and August 5, 2031. *See* Ex. L at 1, 14

91.     The terms of the 11.95% 2031 Bonds provide for the accrual of interest beyond maturity should Venezuela fail to redeem the bonds when due. *See* Ex. L at 14.

92.     Syracuse is authorized to take any and all action and exercise any and all rights and remedies under the terms of the 11.95% 2031 Bonds. *See* Ex. T.

> **xi.     The 9.375% 2034 Bonds**

93.     The eleventh and final series of bonds, designated ISIN US922646BL74 and CUSIP 922646BL7, matures on January 13, 2034 and accrues interest at a rate of 9.375% per year. *See* Ex. M (9.375% 2034 Listing Memorandum). I refer to this series of bonds as "the 9.375% 2034 Bonds."

94.     Syracuse is the beneficial owner of $16,500,000 principal amount of the 9.375% 2034 Bonds. *See* Ex. A.

95.     The terms of the 9.375% 2034 Bonds are set forth in Exhibit M, the relevant listing memorandum and supplement, and Exhibit N, the registered global security. The 9.375% 2034 Bonds were issued in accordance with the 1998 FAA (Exhibit P), as amended by Amendment No. 1 thereto (Exhibit Q), dated January 14, 2004. *See* Ex. M at S-8.

96.     The 9.375% 2034 Bonds accrue interest at a rate of 9.375% per year. *See* Ex. M. Half of the annual interest (4.6875%) is payable biannually on January 13 and July 13 of each year. *See* Ex. M at S-4. The 9.375% 2034 Bonds will mature on January 13, 2034, at which time the entire principal will become due and payable. *See* Ex. M at 1, 120.

97.     The terms of the 9.375% 2034 Bonds provide for the accrual of interest beyond maturity should Venezuela fail to redeem the notes when due. *See* Ex. N at 1.

98.     On December 6, 2018, a group of creditors holding 25% or more in aggregate outstanding principal amount of the 9.375% 2034 Bonds accelerated those bonds, rendering immediately due and payable the full amount of all unpaid principal and interest on those bonds. *See* Ex. N at 13–14 (9.375% 2034 RGS). Venezuela has not redeemed the 9.375% 2034 Bonds and remains obligated to make biannual interest payments at a rate of 9.375% per year. *See* Ex. N at 14 (9.375% 2034 RGS).

99.     Syracuse is authorized to take any and all action and exercise any and all rights and remedies under the terms of the 9.375% 2034 Bonds. *See* Ex. T.

**b.     Venezuela's Payment Obligation**

100.     In parallel language, each listing memorandum for each series of bonds above defines an event of default to include the failure to pay "any principal, premium, if any, or interest on any Debt Security of that series within 30 days of when the payment was due." *See, e.g.*, Ex. M at 121; *see also* Ex. G at 16 ("the Republic fails to pay the principal amount of any Bond of a particular Series when due and such failure continues for a period of 30 days; or . . . the Republic fails to pay interest or other amounts due on any Bond when due and such failure continues for a period of 30 days[.]")

101.     The global notes further provide that if an event of default "shall have occurred and be continuing, Venezuela agrees to pay within 30 days after receipt of a demand therefor all reasonable and documented out-of-pocket expenses of the holders (including, without limitation, all reasonable counsel fees and court costs, stamp taxes, duties and fees) incurred in connection with any reasonable investigation of any such Event of Default or enforcement of the Securities."

*Ex. N at 14 (9.375% 2034 RGS); see also Ex. C at 11 (13.625% 2018 RGS).*

102.    In parallel language, each listing memorandum declares that the bonds are "direct, unconditional and unsecured obligations of the Republic." *See, e.g.*, Ex. M at 1; Ex. G at 1.

103.    Each of the bonds were issued pursuant to an FAA as noted above, each of which have materially identical terms and were signed by authorized representatives of Venezuela. *See* Ex. O at 29 (1997 FAA); Ex. P at 31 (1998 FAA); Ex. R at 31 (2001 FAA).

104.    Venezuela has waived sovereign immunity with respect to suits brought on the bonds. The FSIA provides that "a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605 to 1607 of this chapter." 28 U.S.C. § 1604. Section 1605 of the FSIA provides that a "foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case … in which the foreign state has waived its immunity either explicitly or by implication." 28 U.S.C. § 1605(a)(1). In Section 14(d) of the FAAs, Venezuela explicitly waived its sovereign immunity for cases brought in this Court relating to the bonds:

> To the extent that the Issuer [Venezuela] … shall be entitled, with respect to any Related Proceeding at any time brought against the Issuer … in any jurisdiction in which any Specified Court is located … to any immunity from suit, from the jurisdiction of any such court … , and to the extent that in any such jurisdiction there shall be attributed such an immunity, the Issuer irrevocably agrees not to claim and irrevocably waives such immunity to the fullest extent permitted by the laws of such jurisdiction (including, without limitation, the Foreign Sovereign Immunities Act of 1976 of the United States) ….

Ex. R § 14(d) (2001 FAA); *see also* Ex. O § 14(d) (1997 FAA); Ex. P § 14(d) (1998 FAA).

105.    Plaintiff's suit on the bonds is a Related Proceeding, as defined by the FAAs, because it is a "suit, action or proceeding against [Venezuela] or its properties, assets or revenues with respect to this Agreement [or] any Note or coupon appertaining thereto." *See, e.g.*, Ex. R

14(a) (2001 FAA). This Court is a Specified Court as defined by the FAAs. *See, e.g.*, Ex. R §

14(a) (2001 FAA). Thus, because Venezuela has "irrevocably agree[d] not to claim and

irrevocably waive[d]" sovereign immunity in these suits, Ex. R § 14(d) (2001 FAA), the FSIA

poses no barrier to this Court's exercise of jurisdiction over Syracuse's suit. *See EM Ltd. v.*

*Republic of Argentina*, 695 F.3d 201, 203 & n.1 (2d Cir. 2012). Accordingly, the Court has

jurisdiction to consider Syracuse's claims. *See Pharo Gaia Fund, Ltd. v. Bolivarian Republic of*

*Venezuela*, No. 20 CIV. 8497 (AT), 2021 WL 5322968, at *2 (S.D.N.Y. Oct. 7, 2021) (citing *EM*

*Ltd. v. Republic of Argentina*, 695 F.3d 201, 209 (2d Cir. 2012), *aff'd sub nom. Republic of*

*Argentina v. NML Cap., Ltd.*, 573 U.S. 134 (2014)).

### c.     Venezuela's Breaches

106.    Starting in October 2017, Venezuela ceased meeting certain sovereign debt

obligations, including its obligations under the terms of the bonds at issue and the FAAs. *See*

*generally* Degracia Declaration.

107.    Venezuela failed to make the following payments in accordance with the terms of

the bonds beneficially owned by Syracuse as set forth above and in the Degracia Declaration ¶

56:

| Bond | Obligation Type | Amount |
|---|---|---|
| 13.625% 2018 Bonds | Principal | $ 123,027,000.00 |
| 13.625% 2018 Bonds | Interest | $ 75,430,929.38 |
| 13.625% 2018 RegS Bonds | Principal | $ 1,500,000.00 |
| 13.625% 2018 RegS Bonds | Interest | $ 919,687.50 |
| 7.00% 2018 Bonds | Principal | $ 2,500,000.00 |
| 7.00% 2018 Bonds | Interest | $ 787,500.00 |
| 12.75% 2022 Bonds | Principal | $ 37,020,000.00 |
| 12.75% 2022 Bonds | Interest | $ 31,860,337.50 |
| 9.00% 2023 Bonds | Interest | $ 607,500.00 |
| 8.25% 2024 Bonds | Interest | $ 2,475,000.00 |
| 11.75% 2026 Bonds | Interest | $ 23,059,375.00 |
| 9.25% 2027 Bonds | Interest | $ 15,609,375.00 |
| 9.25% 2028 Bonds | Interest | $ 7,405,087.50 |
| 11.95% 2031 Bonds | Interest | $ 14,115,937.50 |
| 9.375% 2034 Bonds | Principal | $ 16,500,000.00 |
| 9.375% 2034 Bonds | Interest | $ 6,960,937.50 |
| | **Total** | **$ 359,778,666.88** |

108.   Syracuse is entitled to judgment on its breach-of-contract claims for nonpayment of the bonds because: (1) Syracuse has standing to bring these claims, (2) Venezuela has breached its obligations under the bonds and the FAAs.

109.   *First*, Syracuse has contractual standing to bring these claims against Venezuela because the record holders of the bonds have authorized this suit. *See Allan Applestein TTEE FBO D.C.A. v. Province of Buenos Aires*, 415 F.3d 242, 243 (2d Cir. 2005) (Cede & Co. letters provide contractual standing to sue). Cede & Co.—the nominee of the Depository Trust Company and the entity acting as the owner and holder of record for the 13.625% 2018 Bonds, 7.00% 2018 Bonds, 12.75% 2022 Bonds, 9.00% 2023 Bonds 8.25% 2024 Bonds, 11.75% 2026 Bonds, 9.25% 2027 Bonds, 9.25% 2028 Bonds, 11.95% 2031 Bonds, and the 9.375% 2034 Bonds—has provided written authorization to Syracuse to file suit. *See* Ex. T. Safra Securities LLC—the common depositary for the 13.625% 2018 RegS Bonds—has also provided written

19

authorization to Syracuse to file suit. *See* Ex. U.

110.     *Second*, Venezuela is liable for breach of contract. Under New York law, Venezuela's failure to make payments as required by the terms of the bonds and under the FAAs constitutes a breach of contract. *See Pharo Gaia Fund, Ltd. v. Bolivarian Republic of Venezuela*, No. 20 CIV. 8497 (AT), 2021 WL 5322968, at *3 (S.D.N.Y. Oct. 7, 2021); *Mun. Cap. Appreciation Partners, I, L.P. v. Page*, 181 F. Supp. 2d 379, 390 (S.D.N.Y. 2002) ("Under New York law, to establish a breach of contract a plaintiff must plead and prove the following elements: (i) the existence of a contract; (ii) breach by the other party; and (iii) damages suffered as a result of the breach."). Accordingly, Plaintiff is entitled to default judgment on their breach-of-contract claims with damages as follows:

### i.     The 13.625% 2018 Bonds

111.     Syracuse is the beneficial owner of $123,027,000 principal amount of the 13.625% 2018 Bonds. *See* Ex. A.

112.     The 13.625% 2018 Bonds accrue interest at a rate of 13.625% per year. *See* Exs. B, C. Half of the annual interest (6.8125%) is payable biannually on February 15 and August 15 of each year. *See* Ex. B at 11. The terms of the 13.625% 2018 Bonds provide that interest payments will continue "until the principal hereof is paid or made available for payment." Ex. C at 1.

113.     On February 15, 2018, August 15, 2018, February 15, 2019, August 15, 2019, February 15, 2020, August 15, 2020, February 15, 2021, August 15, 2021, and February 15, 2022, Venezuela failed to make contractually mandated interest payments of 6.8125% on the $123,027,000 principal amount of the 13.625% 2018 Bonds beneficially owned by Syracuse, which amounts to $8,381,214.38 per interest payment or $75,430,929.38 in total. *See* Degracia

Declaration ¶ 4.

114.   Venezuela has yet to make those interest payments. *See* Degracia Declaration ¶ 5.

115.   The 13.625% 2018 Bonds matured on August 15, 2018, at which time the entire principal became due and payable. *See* Ex. B at 11. Venezuela failed to pay the $123,027,000 principal amount beneficially owned by Syracuse. *See* Degracia Declaration ¶ 6.

116.   Venezuela has yet to make that principal payment. *See* Degracia Declaration ¶ 7.

117.   As a result of Venezuela's failures to meet its obligations under the 13.625% 2018 Bonds, Venezuela currently owes Syracuse: (1) $123,027,000 in missed principal payments; and (2) $75,430,929.38 in missed interest payments. *See* Degracia Declaration ¶ 8.

### ii.   The 13.625% 2018 Reg S Bonds

118.   Syracuse is the beneficial owner of $1,500,000 principal amount of the 13.625% 2018 Reg S Bonds. *See* Ex. A.

119.   The 13.625% 2018 Reg S Bonds accrue interest at a rate of 13.625% per year. *See* Ex. D. Half of the annual interest (6.8125%) is payable biannually on February 15 and August 15 of each year. *See* Ex. D at 12. The terms of the 13.625% 2018 Reg S Bonds provide for the accrual of interest beyond maturity should Venezuela fail to redeem the bonds when due. *See* Ex. D at 12.

120.   On February 15, 2018, August 15, 2018, February 15, 2019, August 15, 2019, February 15, 2020, August 15, 2020, February 15, 2021, August 15, 2021, and February 15, 2022, Venezuela failed to make contractually mandated interest payments of 6.8125% on the $1,500,000 principal amount of the 13.625% 2018 RegS Bonds beneficially owned by Syracuse, which amounts to $102,187.50 per interest payment or $919,687.50 in total. *See* Degracia Declaration ¶ 10.

121.    Venezuela has yet to make those interest payments. *See* Degracia Declaration ¶ 11.

122.    The 13.625% 2018 Reg S Bonds matured on August 15, 2018, at which time the entire principal became due and payable. *See* Ex. D at 12. Venezuela failed to pay the $1,500,000 principal amount of the 13.625% 2018 RegS Bonds beneficially owned by Syracuse. *See* Degracia Declaration ¶ 12.

123.    Venezuela has yet to make that principal payment. *See* Degracia Declaration ¶ 13.

124.    As a result of Venezuela's failures to meet its obligations under the 13.625% 2018 RegS Bonds, Venezuela currently owes Syracuse: (1) $1,500,000 in missed principal payments; and (2) $919,687.50 in missed interest payments. *See* Degracia Declaration ¶ 14.

### iii.    The 7.00% 2018 Bonds

125.    Syracuse is the beneficial owner of $2,500,000 principal amount of the 7.00% 2018 Bonds. *See* Ex. A.

126.    The 7.00% 2018 Bonds accrue interest at a rate of 7.00% per year. *See* Ex. E. Half of the annual interest (3.50%) is payable biannually on December 1 and June 1 of each year. *See* Ex. E at 11.

127.    The terms of the 7.00% 2018 Bonds provide for the accrual of interest beyond maturity should Venezuela fail to redeem the bonds when due. *See* Ex. E at 14.

128.    On December 1, 2017, June 1, 2018, December 1, 2018, June 1, 2019, December 1, 2019, June 1, 2020, December 1, 2020, June 1, 2021, and December 1, 2021, Venezuela failed to make contractually mandated interest payments of 3.50% on the $2,500,000 principal amount of the 7.00% 2018 Bonds beneficially owned by Syracuse, which amounts to $87,500 per interest payment or $787,500 in total. *See* Degracia Declaration ¶ 16.

129.   Venezuela has yet to make those interest payments. *See* Degracia Declaration ¶ 17.

130.   The 7.00% 2018 Bonds matured on December 1, 2018, at which time the entire principal became due and payable. *See* Ex. E at 14. Venezuela failed to pay the $2,500,000 principal amount of the 7.00% 2018 Bonds beneficially owned by Syracuse. *See* Degracia Declaration ¶ 18.

131.   Venezuela has yet to make that principal payment. *See* Degracia Declaration ¶ 19.

132.   As a result of Venezuela's failures to meet its obligations under the 7.00% 2018 Bonds, Venezuela currently owes Syracuse: (1) $2,500,000 in missed principal payments; and (2) $787,500 in missed interest payments. *See* Degracia Declaration ¶ 20.

### iv.   The 12.75% 2022 Bonds

133.   Syracuse is the beneficial owner of $55,530,000 principal amount of the 12.75% 2022 Bonds. *See* Ex. A.

134.   The 12.75% 2022 Bonds accrue interest at a rate of 12.75% per year. *See* Ex. F. Half of the annual interest (6.375%) is payable biannually on August 23 and February 23 of each year. *See* Ex. F at 12.

135.   The terms of the 12.75% 2022 Bonds provide for the accrual of interest beyond maturity should Venezuela fail to redeem the bonds when due. *See* Ex. F at 15.

136.   On February 23, 2018, August 23, 2018, February 23, 2019, August 23, 2019, February 23, 2020, August 23, 2020, February 23, 2021, August 23, 2021, and February 23, 2022, Venezuela failed to make contractually mandated interest payments of 6.375% on the $55,530,000 principal amount of the 12.75% 2022 Bonds beneficially owned by Syracuse, which amounts to $3,540,037.50 per interest payment or $31,860,337.50 in total. *See* Degracia

Declaration ¶ 22

137.    Venezuela has yet to make those interest payments. *See* Degracia Declaration ¶ 23

138.    The 12.75% 2022 Bonds fully mature on August 23, 2022, but the principal on these bonds was due to be paid out in three equal annual installments on August 23, 2020, August 23, 2021, and August 23, 2022. *See* Ex. F at 12. On August 23, 2020 and August 23, 2021, Venezuela failed to pay one-third of the $55,530,000 principal amount beneficially owned by Syracuse as required by the terms of the 12.75% 2022 Bonds, which amounts to $37,020,000. *See* Degracia Declaration ¶ 24

139.    Venezuela has yet to make those principal payments. *See* Degracia Declaration ¶ 25

140.    As a result of Venezuela's failures to meet its obligations under the 12.75% 2022 Bonds, Venezuela currently owes Syracuse: (1) $37,020,000 in missed principal payments; and (2) $31,860,337.50 in missed interest payments. *See* Degracia Declaration ¶ 26.

**v.       The 9.00% 2023 Bonds**

141.    Syracuse is the beneficial owner of $1,500,000 principal amount of the 9.00% 2023 Bonds. *See* Ex. A.

142.    The 9.00% 2023 Bonds accrue interest at a rate of 9.00% per year. *See* Ex. G. Half of the annual interest (4.50%) is payable biannually on May 7 and November 7 of each year. *See* Ex. G at 14.

143.    On November 7, 2017, May 7, 2018, November 7, 2018, May 7, 2019, November 7, 2019, May 7, 2020, November 7, 2020, May 7, 2021, and November 7, 2021, Venezuela failed to make contractually mandated interest payments of 4.50% on the $1,500,000 principal amount of the 9.00% 2023 Bonds beneficially owned by Syracuse, which amounts to $67,500

per interest payment or $607,500 in total. *See* Degracia Declaration ¶ 28.

144.    Venezuela has yet to make those interest payments. *See* Degracia Declaration ¶ 29.

145.    As a result of Venezuela's failures to meet its obligations under the 9.00% 2023 Bonds, Venezuela currently owes Syracuse $607,500 in missed interest payments. *See* Degracia Declaration ¶ 30.

**vi.    The 8.25% 2024 Bonds**

146.    Syracuse is the beneficial owner of $6,000,000 principal amount of the 8.25% 2024 Bonds. *See* Ex. A.

147.    The 8.25% 2024 Bonds accrue interest at a rate of 8.25% per year. *See* Ex. H. Half of the annual interest (4.125%) is payable biannually on October 13 and April 13 of each year. *See* Ex. H at 15.

148.    On October 13, 2017, April 13, 2018, October 13, 2018, April 13, 2019, October 13, 2019, April 13, 2020, October 13, 2020, April 13, 2021, October 13, 2021, and April 13, 2022, Venezuela failed to make contractually mandated interest payments of 4.125% on the $6,000,000 principal amount of the 8.25% 2024 Bonds beneficially owned by Syracuse, which amounts to $247,500 per interest payment or $2,475,000 in total. *See* Degracia Declaration ¶ 32.

149.    Venezuela has yet to make those interest payments. *See* Degracia Declaration ¶ 33.

150.    As a result of Venezuela's failures to meet its obligations under the 8.25% 2024 Bonds, Venezuela currently owes Syracuse $2,475,000 in missed interest payments. *See* Degracia Declaration ¶ 34.

### vii.        The 11.75% 2026 Bonds

151.     Syracuse is the beneficial owner of $39,250,000 principal amount of the 11.75% 2026 Bonds. *See* Ex. A.

152.     The 11.75% 2026 Bonds accrue interest at a rate of 11.75% per year. *See* Ex. I. Half of the annual interest (5.875%) is payable biannually on October 21 and April 21 of each year. *See* Ex. I at 12.

153.     On October 21, 2017, April 21, 2018, October 21, 2018, April 21, 2019, October 21, 2019, April 21, 2020, October 21, 2020, April 21, 2021, October 21, 2021, and April 22, 2022, Venezuela failed to make contractually mandated interest payments of 5.875% on the $39,250,000 principal amount of the 11.75% 2026 Bonds beneficially owned by Syracuse, which amounts to $2,305,937.50 per interest payment or $23,059,375 in total. *See* Degracia Declaration ¶ 36.

154.     Venezuela has yet to make those interest payments. *See* Degracia Declaration ¶ 37.

155.     As a result of Venezuela's failures to meet its obligations under the 11.75% 2026 Bonds, Venezuela currently owes Syracuse $23,059,375 in missed interest payments. *See* Degracia Declaration ¶ 38.

### viii.        The 9.25% 2027 Bonds

156.     Syracuse is the beneficial owner of $37,500,000 principal amount of the 9.25% 2027 Bonds. *See* Ex. A.

157.     The 9.25% 2027 Bonds accrue interest at a rate of 9.25% per year. *See* Ex. H. Half of the annual interest (4.625%) is payable biannually on March 15 and September 15 of each year. *See* Ex. J at 73.

158.     On March 15, 2018, September 15, 2018, March 15, 2019, September 15, 2019, March 15, 2020, September 15, 2020, March 15, 2021, September 15, 2021, and March 15, 2022, Venezuela failed to make contractually mandated interest payments of 4.625% on the $37,500,000 principal amount of the 9.25% 2027 Bonds beneficially owned by Syracuse, which amounts to $1,734,375 per interest payment or $15,609,375 in total. *See* Degracia Declaration ¶ 40

159.     Venezuela has yet to make those interest payments. *See* Degracia Declaration ¶ 41.

160.     As a result of Venezuela's failures to meet its obligations under the 9.25% 2027 Bonds, Venezuela currently owes Syracuse $15,609,375 in missed interest payments. *See* Degracia Declaration ¶ 42.

ix.       **The 9.25% 2028 Bonds**

161.     Syracuse is the beneficial owner of $17,790,000 principal amount of the 9.25% 2028 Bonds. *See* Ex. A.

162.     The 9.25% 2028 Bonds accrue interest at a rate of 9.25% per year. *See* Ex. K. Half of the annual interest (4.625%) is payable biannually on May 7 and November 7 of each year. *See* Ex. K at 14.

163.     On November 7, 2017, May 7, 2018, November 7, 2018, May 7, 2019, November 7, 2019, May 7, 2020, November 7, 2020, May 7, 2021, and November 7, 2021, Venezuela failed to make contractually mandated interest payments of 4.625% on the $17,790,000 principal amount of the 9.25% 2028 Bonds beneficially owned by Syracuse, which amounts to $822,787.50 per interest payment or $7,405,087.50 in total. *See* Degracia Declaration ¶ 44.

164.     Venezuela has yet to make those interest payments. *See* Degracia Declaration ¶

45.

165.    As a result of Venezuela's failures to meet its obligations under the 9.25% 2028 Bonds, Venezuela currently owes Syracuse $7,405,087.50 in missed interest payments. *See* Degracia Declaration ¶ 46.

   **x.**  **The 11.95% 2031 Bonds**

166.    Syracuse is the beneficial owner of $26,250,000 principal amount of the 11.95% 2031 Bonds. *See* Ex. A.

167.    The 11.95% 2031 Bonds accrue interest at a rate of 11.95% per year. *See* Ex. L. Half of the annual interest (5.975%) is payable biannually on February 5 and August 5 of each year. *See* Ex. L at 14.

168.    On February 2, 2018, August 5, 2018, February 2, 2019, August 5, 2019, February 2, 2020, August 2, 2020, February 2, 2021, August 2, 2021, and February 2, 2022, Venezuela failed to make contractually mandated interest payments of 5.975% on the $26,250,000 principal amount of the 11.95% 2031 Bonds beneficially owned by Syracuse, which amounts to $1,568,437.50 per interest payment or $14,115,937.50 in total. *See* Degracia Declaration ¶ 48.

169.    Venezuela has yet to make those interest payments. *See* Degracia Declaration ¶ 49.

170.    As a result of Venezuela's failures to meet its obligations under the 11.95% 2031 Bonds, Venezuela currently owes Syracuse $14,115,937.50 in missed interest payments. *See* Degracia Declaration ¶ 50.

   **xi.**  **The 9.375% 2034 Bonds**

171.    Syracuse is the beneficial owner of $16,500,000 principal amount of the 9.375%

2034 Bonds. *See* Ex. A.

172.   The 9.375% 2034 Bonds accrue interest at a rate of 9.375%. *See* Ex. M. Half of the annual interest (4.6875%) is payable biannually on January 13 and July 13 of each year. *See* Ex. M at S-4.

173.   On January 13, 2018, July 13, 2018, January 13, 2019, July 13, 2019, January 13, 2020, July 13, 2020, January 13, 2021, July 13, 2021, and January 13, 2022, Venezuela failed to make contractually mandated interest payments of 4.6875% on the $16,500,000 principal amount of the 9.375% 2034 Bonds beneficially owned by Syracuse, which amounts to $773,437.50 per interest payment or $6,960,937.50 in total. *See* Degracia Declaration ¶ 52.

174.   Venezuela has yet to make those interest payments. *See* Degracia Declaration ¶ 53.

175.   The 9.375% 2034 Bonds have been accelerated under the terms of those bonds, and as a result the entire $16,500,000 principal amount has come due. *See* Degracia Declaration ¶ 54. On December 6, 2018, a group of creditors holding 25% or more in aggregate outstanding principal amount of the 9.375% 2034 Bonds accelerated those bonds, rendering immediately due and payable the full amount of all unpaid principal and interest on those bonds. *See* Ex. N at 13– 14 (9.375% 2034 RGS).

176.   Venezuela has not redeemed the 9.375% 2034 Bonds and remains obligated to make biannual interest payments at a rate of 9.375% per year. *See* Ex. N at 14 (9.375% 2034 RGS).

177.   As a result of Venezuela's failures to meet its obligations under the 9.375% 2034 Bonds, Venezuela currently owes Syracuse (1) $16,500,000 in accelerated principal payments and (2) $6,960,937.50 in missed interest payments. *See* Degracia Declaration ¶ 55.

178.    Default judgment in favor of Syracuse is therefore warranted on the undisputed facts.

**D.    Proposed Damages and the Basis for Each Element of Damages**

179.    As a result of Venezuela's contract breaches, Syracuse is entitled to four categories of damages: missed principal payments, missed interest payments, prejudgment interest, and attorneys' fees and costs.

180.    *First*, Syracuse is entitled to missed principal payments. The 13.625% 2018 Bonds and the 13.625% 2018 Reg S Bonds matured on August 15, 2018, but the principal on those notes has not been paid. The 7.00% 2018 Bonds matured on December 1, 2018, but the principal on those notes has not been paid. While the 12.75% 2022 Bonds mature on August 23, 2022, two-thirds of the principal on those notes has come due under the terms of those notes, but those amounts have not been paid. In addition, the 9.375% 2034 Bonds have been accelerated under the terms of those bonds, and as a result the entire $16,500,000 principal amount has come due. Venezuela has not paid this accelerated principal. *See* Degracia Declaration ¶ 54; Ex. N at 13–14 (9.375% 2034 RGS).

181.    *Second*, Syracuse is entitled to missed interest payments, including biannual interest payments that already have accrued and biannual interest payments that may accrue before the date of judgment. All four bonds that Venezuela has failed to make principal payments on, the 13.625% 2018 Bonds, the 13.625% 2018 Reg S Bonds, the 7.00% 2018 Bonds, and the 12.75% 2022 Bonds, obligate Venezuela to continue making full interest payments until principal is paid, regardless of maturity date. *See supra* ¶¶ 38, 44, 50, 56; *see also* Exs. C at 1, D at 12, E at 14, F at 15.

182.    Thus, because Venezuela has not paid the principal owed on the 13.625% 2018

Reg S Bonds, the 7.00% 2018 Bonds, and the 12.75% 2022 Bonds, Venezuela remains obligated to make full biannual interest payments, even beyond maturity, at the same rates and on the same dates that it made interest payments before maturity. *See NML Capital v. Republic of Argentina*, 17 N.Y.3d 250, 259–62 (2011).

183.    *Third*, Syracuse is entitled to statutory prejudgment interest on all missed interest payments. This Court has previously held in a similar case dealing with some of the same bonds and FAAs that New York's prejudgment interest statute applies, because "the substantive law governing Plaintiff['s] claims is the law of New York." *Pharo Gaia Fund, Ltd. v. Bolivarian Rep. of Venezuela*, No. 1:19-cv-03123-AT (S.D.N.Y. Sept. 30, 2020), ECF No. 56 at 13.

184.    Under New York law, prejudgment interest accrues at the statutory rate of 9% (CPLR 5004) for missed pre-maturity and post-maturity interest payments. *See NML Capital*, 17 N.Y.3d at 265–67 (statutory prejudgment interest accrues for post-maturity interest payments); *see also Capital Ventures Int'l v. Republic of Argentina*, 552 F.3d 289, 296 (2d Cir. 2009) (applying New York's statutory prejudgment interest rate). Prejudgment interest runs "from the date the [interest] payment[s] became due" until the date of judgment. *NML Capital*, 17 N.Y.3d at 258; *see also* CPLR 5001. Syracuse does not claim statutory prejudgment interest on missed principal payments.

185.    *Fourth*, Syracuse is entitled to attorneys' fees and costs. Venezuela's failure to pay interest and principal on the bonds for more than 30 days constitutes an "Event of Default" under the global notes. *See, e.g.*, Ex. N at 12 (9.375% 2034 RGS); Ex. C at 11 (13.625% 2018 RGS). As a result, under the terms of the 2034s Registered Global Security, Syracuse is entitled to an award of "all reasonable and documented out-of-pocket expenses," including "all reasonable counsel fees and court costs, stamp taxes, duties and fees[] incurred in connection

with . . . the enforcement of the Securities." Ex. N at 14 (9.375% 2034 RGS); *see also* Ex. C at 11 (13.625% 2018 RGS).

       **i.**      **Calculation of damages**

186.    As a result, Syracuse requests the following damages:

**The 13.625% 2018 Bonds**

187.    <u>Principal Payments</u>: $123,027,000 in missed principal payments that accrued on February 15, 2018. *See* Degracia Declaration ¶ 6.

188.    <u>Interest on Principal</u>: $83,812,143.75 for the missed interest payments on February 15, 2018, August 15, 2018, February 15, 2019, August 15, 2019, February 15, 2020, August 15, 2020, February 15, 2021, August 15, 2021, and February 15, 2022, plus any further post-maturity interest payments that accrue by the date of judgment. *See* Degracia Declaration ¶ 4.

189.    <u>Prejudgment Interest</u>: Prejudgment interest on missed interest payments that accrues at the 9% statutory rate from the date of each missed interest payment.

190.    <u>Attorneys' fees</u>: In an amount to be proved after the entry of judgment.

**The 13.625% 2018 Reg S Bonds**

191.    <u>Principal Payments</u>: $1,500,000 in missed principal payments that accrued on February 15, 2018. *See* Degracia Declaration ¶ 12.

192.    <u>Interest on Principal</u>: $919,687.50 for the missed interest payments on February 15, 2018, August 15, 2018, February 15, 2019, August 15, 2019, February 15, 2020, August 15, 2020, February 15, 2021, August 15, 2021, and February 15, 2022, plus any further post-maturity interest payments that accrue by the date of judgment. *See* Degracia Declaration ¶ 10.

193.    <u>Prejudgment Interest</u>: Prejudgment interest on missed interest payments that

accrues at the 9% statutory rate from the date of each missed interest payment.

194.    Attorneys' fees: In an amount to be proved after the entry of judgment.

**The 7.00% 2018 Bonds**

195.    Principal Payments: $2,500,000 in missed principal payments that accrued on February 15, 2018. *See* Degracia Declaration ¶ 18.

196.    Interest on Principal: $919,687.50 for the missed interest payments on December 1, 2017, June 1, 2018, December 1, 2018, June 1, 2019, December 1, 2019, June 1, 2020, December 1, 2020, June 1, 2021, and December 1, 2021, plus any further post-maturity interest payments that accrue by the date of judgment. *See* Degracia Declaration ¶ 16.

197.    Prejudgment Interest: Prejudgment interest on missed interest payments that accrues at the 9% statutory rate from the date of each missed interest payment.

198.    Attorneys' fees: In an amount to be proved after the entry of judgment.

**The 12.75% 2022 Bonds**

199.    Principal Payments: $37,020,000 in missed principal payments that accrued on August 23, 2020, and August 23, 2021. *See* Degracia Declaration ¶ 24.

200.    Interest on Principal: $31,860,337.50 for the missed interest payments on February 23, 2018, August 23, 2018, February 23, 2019, August 23, 2019, February 23, 2020, August 23, 2020, February 23, 2021, August 23, 2021, and February 23, 2022, plus any further post-maturity interest payments that accrue by the date of judgment. *See* Degracia Declaration ¶ 22.

201.    Prejudgment Interest: Prejudgment interest on missed interest payments that accrues at the 9% statutory rate from the date of each missed interest payment.

202.    Attorneys' fees: In an amount to be proved after the entry of judgment.

**The 9.00% 2023 Bonds**

203.    Interest on Principal: $607,500 for the missed interest payments on November 7, 2017, May 7, 2018, November 7, 2019, May 7, 2020, November 7, 2020, May 7, 2021, and November 7, 2021, plus any further interest payments that accrue by the date of judgment. *See* Degracia Declaration ¶ 28.

204.    Prejudgment Interest: Prejudgment interest on missed interest payments that accrues at the 9% statutory rate from the date of each missed interest payment.

205.    Attorneys' fees: In an amount to be proved after the entry of judgment.

**The 8.25% 2024 Bonds**

206.    Interest on Principal: $2,475,000 for the missed interest payments on October 13, 2017, April 13, 2018, October 13, 2018, April 13, 2019, October 13, 2019, April 13, 2020, October 13, 2020, April 13, 2021, October 13, 2021, and April 13, 2022, plus any further interest payments that accrue by the date of judgment. *See* Degracia Declaration ¶ 32.

207.    Prejudgment Interest: Prejudgment interest on missed interest payments that accrues at the 9% statutory rate from the date of each missed interest payment.

208.    Attorneys' fees: In an amount to be proved after the entry of judgment.

**The 11.75% 2026 Bonds**

209.    Interest on Principal: $23,059,375 for the missed interest payments on October 21, 2017, April 21, 2018, October 21, 2018, April 21, 2019, October 21, 2019, April 21, 2020, October 21, 2020, April 21, 2021, and October 21, 2021, plus any further interest payments that accrue by the date of judgment. *See* Degracia Declaration ¶ 36.

210.    Prejudgment Interest: Prejudgment interest on missed interest payments that accrues at the 9% statutory rate from the date of each missed interest payment.

211.   <u>Attorneys' fees</u>: In an amount to be proved after the entry of judgment.

**The 9.25% 2027 Bonds**

212.   <u>Interest on Principal</u>: $15,609,375 for the missed interest payments on March 15, 2018, September 15, 2018, March 15, 2019, September 15, 2019, March 15, 2020, and September 15, 2020, March 15, 2021, September 15, 2021, and March 15, 2022, plus any further interest payments that accrue by the date of judgment. *See* Degracia Declaration ¶ 40.

213.   <u>Prejudgment Interest</u>: Prejudgment interest on missed interest payments that accrues at the 9% statutory rate from the date of each missed interest payment.

214.   <u>Attorneys' fees</u>: In an amount to be proved after the entry of judgment.

**The 9.25% 2028 Bonds**

215.   <u>Interest on Principal</u>: $7,405,087.50 for the missed interest payments on November 7, 2017, May 7, 2018, November 7, 2018, May 7, 2019, November 7, 2019, May 7, 2020, and November 7, 2020, May 7, 2021, and November 7, 2021, plus any further interest payments that accrue by the date of judgment. *See* Degracia Declaration ¶ 44.

216.   <u>Prejudgment Interest</u>: Prejudgment interest on missed interest payments that accrues at the 9% statutory rate from the date of each missed interest payment.

217.   <u>Attorneys' fees</u>: In an amount to be proved after the entry of judgment.

**The 11.95% 2031 Bonds**

218.   <u>Interest on Principal</u>: $14,115,937.50 for the missed interest payments on February 2, 2018, August 5, 2018, February 2, 2019, August 5, 2019, February 2, 2020, August 2, 2020, and February 2, 2021, August 2, 2021, and February 2, 2022, plus any further interest payments that accrue by the date of judgment. *See* Degracia Declaration ¶ 48.

219.   <u>Prejudgment Interest</u>: Prejudgment interest on missed interest payments that

accrues at the 9% statutory rate from the date of each missed interest payment.

220.    <u>Attorneys' fees</u>: In an amount to be proved after the entry of judgment.

**The 9.375% 2034 Bonds**

221.    <u>Principal Payments</u>: $16,500,000 in missed principal payments that accrued when the 9.375% 2034 Bonds were accelerated on December 6, 2018. *See* Degracia Declaration ¶ 54.

222.    <u>Interest on Principal</u>: $6,960,937.50 for the missed interest payments on January 13, 2018, July 13, 2018, January 13, 2019, July 13, 2019, January 13, 2020, July 13, 2020, January 13, 2021, July 13, 2021, and January 13, 2022, plus any further interest payments that accrue by the date of judgment. See Degracia Declaration ¶ 52.

223.    <u>Prejudgment Interest</u>: Prejudgment interest on missed interest payments that accrues at the 9% statutory rate from the date of each missed interest payment.

224.    <u>Attorneys' fees</u>: In an amount to be proved after the entry of judgment.

**Total Damages**

225.    In sum, as of May 3, 2022, Syracuse is entitled to $359,778,666.88 plus any interest payments that may accrue and remain unpaid prior to the date of judgment, along with prejudgment interest, as set forth *supra* in paragraph 107.

### ii.    Plaintiff Is Entitled to Postjudgment Interest

226.    Finally, Plaintiff is entitled to recover postjudgment interest. *See Pharo Gaia Fund, Ltd. v. Bolivarian Republic of Venezuela,* No. 20 CIV. 8497 (AT), 2021 WL 5322968, at *4 (S.D.N.Y. Oct. 7, 2021) (citing 28 U.S.C. § 1961(a), *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996)). Postjudgment interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of

the judgment." 28 U.S.C. § 1961(a).

### E.    No Inquest Into Damages

227.    No separate inquest for damages is necessary. On a motion or application for default judgment, "[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (alteration in original). "Upon entry of a default, a plaintiff's claims for damages generally must be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed," however, "such a hearing is not mandatory." *Id*. "No hearing is required as long as the court ensures that there is a basis for the damages specified in the default judgment." *Double Green Produce, Inc. v. Forum Supermarket Inc.*, 387 F. Supp. 3d 260, 271–72 (E.D.N.Y. 2019) (alterations and quotation marks omitted). This requirement may be satisfied "upon a review of detailed affidavits and documentary evidence." *Cement & Concrete Workers*, 699 F.3d at 234.

228.    Here, Syracuse has established entitlement to the claimed damages through the submission of "detailed affidavits and documentary evidence" showing both its beneficial ownership of the bonds and the amount and date of missed payments on the bonds. An inquest is not necessary to determine the proper scope of damages and would unnecessarily expend judicial resources.

Executed: May 3, 2022

Washington, DC

/s/_____

Michael A. DeBernardis
Hughes Hubbard & Reed LLP
1775 I Street, N.W.
Washington, D.C.  20006-2401
Tel:  202-721-4600
Fax:  202-729-4600
Email: michael.debernardis@hugheshubbard.com

*Counsel for Plaintiff Syracuse Mountains Corp.*