

Hughes Hubbard & Reed LLP
1775 I Street, N.W.
Washington, D.C. 20006-2401
Office: +1 (202) 721-4600
Fax: +1 (202) 721-4646
hugheshubbard.com

Michael DeBernardis
Partner
Direct Dial: +1 (202) 721-4678
michael.debernardis@hugheshubbard.com

May 3, 2022

VIA ECF and Email

The Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007
Torres_NYSDChambers@nysd.uscourts.gov

    Re: *Syracuse Mountains Corp. v. Bolivarian Republic of Venezuela*,
       Case No. 1:21-cv-02678-AT

Dear Judge Torres:

  Plaintiff Syracuse Mountains Corp. ("Syracuse") in the above-captioned matter respectfully submits this letter regarding the Court's procedures for entry of default judgment. In light of the substantial burden and delay associated with serving the Defendant the Bolivarian Republic of Venezuela ("Venezuela") through diplomatic channels, Syracuse respectfully requests that the Court adhere to the service and notice procedures set forth in the Foreign Sovereign Immunities Act ("FSIA") rather than the Court's ordinary procedure for default judgment. In particular, Syracuse respectfully asks the Court to forego allowing Venezuela the opportunity to show cause and enter default judgment upon a finding that the Syracuse has established its right to relief by evidence satisfactory to the Court. *See* 28 U.S.C. § 1608(e).

  This case involves the nonpayment of interest and principal by Venezuela on several series of sovereign bonds beneficially owned by Syracuse. This Court has adjudicated non-payment of these same bonds in several other suits brought by other beneficial owners. *See, e.g.*, *Contrarian Capital Mgmt. et al. v. Bolivarian Republic of Venezuela*, No. 1:19-cv-11018(AT); *Altana Credit Opportunities Fund SPC et al. v. Bolivarian Republic of Venezuela*, No. 1:20-cv-8402(AT); *Pharo Gaia Fund, Ltd. et al. v. Bolivarian Republic of Venezuela*, No. 1:20-cv-8497(AT). Moreover, in the face of default by Venezuela, the Court has proceeded in the manner requested by Syracuse in this letter. *See Pharo Gaia Fund, Ltd. et al. v. Bolivarian Republic of Venezuela*, No. 1:20-cv-8497(AT), 2021 WL 5322968, at *2 (S.D.N.Y. Oct. 7, 2021).

  Although Syracuse validly served Venezuela, Venezuela has not appeared or answered the complaint, the time for such answer has expired, and a certificate of default has been issued.

May 3, 2022
Page 2

Contemporaneously with this letter, Syracuse is submitting the materials required by the Court's individual practices regarding the entry of default judgment. Specifically, Syracuse is submitting (1) a proposed order to show cause for default judgment; (2) an affidavit signed by a party with personal knowledge regarding the proposed damages and the basis therefore; and (3) an attorney declaration setting forth the basis for default judgment and attaching relevant documents and exhibits.

Service on Venezuela has been a long and challenging process. The FSIA requires a plaintiff suing a foreign sovereign to first comply with any "special arrangement for service between the plaintiff and the foreign state or political subdivision." 28 U.S.C. § 1608(a)(1). Although the bonds at issue here state that service may be effected upon the Consul General of the Republic of Venezuela or, in his or her absence or incapacity, any official of the Consulate of Venezuela, Venezuela has admitted in other litigation that "the Consul General has been recalled, the Consulate has been closed, and no replacement process agent has been appointed." Mem. of the Bolivarian Rep. of Venezuela in Support of Motion to Vacate Certificate of Default and Dismiss for Lack of Personal Jurisdiction at 13, *Lovati v. Bolivarian Rep. of Venezuela*, No. 1:19-cv-04796 (S.D.N.Y. Mar. 13, 2020), ECF No. 44 (quotation marks omitted). Venezuela represented in that same proceeding that "[t]he only method of service currently available against the Republic is set forth in § 1608(a)(4), which allows for service through diplomatic channels." *Id*. at 17. Based on this representation by Venezuela, the Court granted Syracuse's request to serve Venezuela via diplomatic channels pursuant to 28 U.S.C. § 1608(a)(4). *See* Dkt. 14.

On May 21, 2021, the Clerk of Court certified that it had mailed all required pleadings to the U.S. Department of State for service through diplomatic channels pursuant to 28 U.S.C. § 1608(a)(4). *See* Dkt. 19. It took almost nine months for the Department of State to effect service on Venezuela through diplomatic channels. On March 8, 2022, the Department of State delivered to Syracuse and the Clerk of Court a letter and certified copy of the diplomatic note indicating that the documents had been delivered to the Embassy of the Bolivarian Republic of Venezuela in Washington, DC under cover of U.S. Department of State diplomatic note on February 9, 2022. *See* Dkt. 33-1.

Venezuela's answer was due on April 11, 2022. *See* 28 U.S.C. § 1608(d). Venezuela did not file its answer by April 11. On April 12, 2022, Syracuse sought and obtained a Certificate of Default, *see* Dkt. 38, and is filing papers in support of an application for default judgment.

Under this Court's Default Judgment Procedure, an application for default judgment proceeds via an order to show cause, served upon the defendant with a direction to appear at a set time and place to show cause as to why default judgment should not be entered against it. In contrast, the federal rules provide only that "[i]f a party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing." Fed. R. Civ. P. 55(b)(2). The Court's individual procedures provide an additional opportunity for non-appearing parties to contest the entry of default.

102771207_5

May 3, 2022
Page 3

      Strictly following the Court's Default Judgment Procedure here would unduly delay or frustrate the proceedings. It took nearly nine months for the U.S. Department of State to serve Venezuela with the summons and complaint. Venezuela has not appeared personally or by representative. There is no reason to expect that service of an order to show cause would take less time than the service of the summons and complaint. In light of the practical difficulties of serving Venezuela, it is unclear how an order to show cause would operate in these circumstances. By the time Venezuela could be served with a show cause order, any reasonable proposed hearing date and time in such an order would be long outdated. More fundamentally, requiring Syracuse to wait another nine months or more before obtaining judgment when Venezuela has not even bothered to appear is inequitable. This is a straightforward breach of contract claim where Venezuela's breach is indisputable and the claim for damages has been clearly demonstrated in the documents that accompany this letter.

      Importantly, the FSIA does not require notice of default to be served on a foreign sovereign, but rather requires only that the final default judgment itself be served. *See* 28 U.S.C. § 1608(e). That sequence—service of the summons and complaint, and service of the final entry of default judgment—is the ordinary procedure entering default judgment against a foreign sovereign, and indeed, has been followed by this Court and another district court in proceedings against Venezuela. *See generally Tidewater Investment SRL v. Bolivarian Republic of Venezuela*, No. 17-CV-1457 (D.D.C.); *see also Pharo Gaia Fund, Ltd. et al. v. Bolivarian Republic of Venezuela*, No. 1:20-cv-8497(AT), 2021 WL 5322968 (S.D.N.Y. Oct. 7, 2021).

      Venezuela has received notice of this lawsuit, and it has elected not to appear or answer. Entry of judgment should not be delayed another nine months or more simply because Venezuela has made all normal avenues of service, including the form of service specifically agreed to by the parties, unavailable. Syracuse therefore respectfully requests that the Court enter judgment in the form proposed in the contemporaneously filed application without proceeding by order to show cause. Syracuse will thereafter effect service of the final judgment on Venezuela in accordance with the FSIA.

      Respectfully,

      /s/ *Michael DeBernardis*
      Michael DeBernardis