UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SYRACUSE MOUNTAINS CORPORATION,<br><br>      Plaintiff,<br><br>  v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>      Defendant. | Civil Action No.: 21-cv-02678-AT |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 1610(c)**

HUGHES HUBBARD & REED LLP
Nicolas Swerdloff
Michael A. DeBernardis
One Battery Park Plaza
New York, NY 10004
Tel: 212-837-6000
Fax: 212-422-4726

*Counsel for Plaintiff Syracuse Mountains Corporation*

Pursuant to 28 U.S.C. § 1610(c), Plaintiff Syracuse Mountains Corporation ("Syracuse") moves this Court for a determination that a reasonable period of time has elapsed since this Court's July 20, 2023 entry of Default Judgment against Defendant Bolivarian Republic of Venezuela ("Venezuela"), such that Syracuse may seek to enforce against Venezuela's assets to aid in the execution of the Court's Judgment.

## BACKGROUND

On March 29, 2021, Syracuse filed this breach-of-contract action arising out of Venezuela's failure to make payments on eleven series of bonds (collectively, the "Bonds") pursuant to which Syracuse beneficially holds obligations with a stated principal amount of $327,347,000. Dkt. 1. On May 21, 2021, the Clerk of Court mailed the Notice of Suit, Summons, Complaint, and ancillary documents to the U.S. Department of State for service through diplomatic channels in accordance with the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1608(a)(4). Dkt. 19. The U.S. Department of State served the documents on Venezuela on February 9, 2022. Dkt. 33-1; *see also* Dkt. 34 ("CLERK CERTIFICATE OF MAILING RECEIVED.").

Following Venezuela's failure to answer or otherwise respond to the Complaint, the Clerk entered a Certificate of Default as to Venezuela on April 12, 2022. Dkt. 38. On July 20, 2023, the Court entered default judgment against Venezuela for the amounts owed to Syracuse on each of the eleven bonds, including interest and attorneys' fees and costs. Dkt. 49 ("Default Judgment"). On August 25, 2023, the Clerk of Court mailed two copies of the Default Judgment to the U.S. Department of State for service on Venezuela pursuant to 28 U.S.C. §§ 1608(a)(4), 1608(e). Dkt. 50. Nearly six months later, on February 21, 2024, the U.S. Department of State confirmed to the Clerk of the Court by letter that the Default Judgment—along with the Notice

of Default Judgment, the Court's Order dated July 5, 2023, and translations thereof—had been transmitted to Venezuela on January 13, 2024. Declaration of Michael A. DeBernardis in Support of Plaintiff's Motion for Relief Pursuant to 28 U.S.C. § 1610(c), dated March 13, 2024, at ¶ 5; Ex. 1 ("DeBernardis Decl.").

Venezuela has not satisfied the Default Judgment, nor has it initiated any discussion concerning whole or partial satisfaction of the Default Judgment. DeBernardis Decl. at ¶ 6.

## DISCUSSION

Under the FSIA, once a party obtains a judgment against a foreign sovereign, it may not seek to attach the property of the foreign state located in the United States in satisfaction of that judgment "until the court has … determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e)." 28 U.S.C. § 1610(c). Section 1608(e) provides that "[a] copy of any such default judgment shall be sent to the foreign state or political subdivision in the manner prescribed for service in this section." 28 U.S.C. § 1608(e). In this matter, Venezuela was served under section 1608(a)(4) due to the unavailability of other methods of service, which this Court has already determined to be proper. Dkt. 46 at p. 3–4; *see also* DeBernardis Decl. at ¶ 5, Ex. 1. "Service shall be deemed to have been made [] in the case of service under subsection (a)(4), as of the date of transmittal indicated in the certified copy of the diplomatic note." 28 U.S.C. § 1608(c).

While the FSIA does not define what constitutes "a reasonable period of time" following the entry of judgment, courts generally consider a number of factors, including: (1) the "procedures, including legislation, that may be necessary for payment of a judgment by a foreign state," (2) evidence of "steps being taken to satisfy the judgment," and (3) evidence that the foreign state is attempting to "frustrate satisfaction of the judgment." *Gadsby & Hannah v.*

*Socialist Republic of Romania*, 698 F. Supp. 483, 486 (S.D.N.Y. 1988) (quoting H.R. Rep. 1487, 94th Cong., 2d Sess. 1, 30 (1976)).

Courts have found that a period as short as 10 days after the entry of judgment can be a reasonable amount of time before attachment of assets may commence. *See, e.g.*, *Elliott Assocs., L.P. v. Banco De La Nacion*, No. 96 Civ. 7916 RWS, 2000 WL 1449862, at *4 (S.D.N.Y. Sept. 29, 2000) (ten days); *Richmark Corp. v. Timber Falling Consultants, Inc.*, No. 88–1203–FR, 1990 WL 84598, at *2 (D. Or. May 31, 1990) (thirty days); *Ned Chartering & Trading, Inc. v. Republic of Pakistan*, 130 F. Supp. 2d 64, 67 (D.D.C. 2001) (six weeks); *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, No. Civ.A. H–01–0634, 2002 WL 32107929, at *2 (S.D. Tex. Jan. 25, 2002) (approximately seven weeks).

Here, a reasonable period of time since the entry of Default Judgment against Venezuela has elapsed under Section 1610(c) such that Syracuse should be granted to leave to seek attachment of Venezuela's assets. Nearly eight months have passed since the Court entered Default Judgment against Venezuela, and two months have elapsed since that Default Judgment was validly served on Venezuela. *See* Dtk. 50 (entry of Default Judgment on July 20, 2023); DeBernardis Decl. ¶ 5, Ex. 1 (U.S. Department of State letter certifying transmission of the Default Judgment and ancillary documents to Venezuela on January 13, 2024); *see also* 28 U.S.C. § 1608(c) ("Service shall be deemed to have been made [] in the case of service under subsection (a)(4), as of the date of transmittal indicated in the certified copy of the diplomatic note.").

"Although 'the period of reasonable time [required under 28 U.S.C. § 1610(c)] will of course vary according to the nuances of each case,'" courts, including this one, have found that even shorter periods of time were reasonable in substantially similar cases against Venezuela.

3

*See Altana Credit Opportunities Fund SPC v. Bolivarian Republic of Venezuela*, 20 Civ. 8402 (AT), 2023 U.S. Dist. LEXIS 218211, at *2 (S.D.N.Y. Dec. 7, 2023) (quoting *Ned Chartering & Trading, Inc.*, 130 F. Supp. 2d at 67) (five months elapsed after entry of judgment); *Pharo Gaia Fund Ltd. v. Bolivarian Republic of Venezuela*, 19 Civ. 3123 (AT), 2021 WL 2168916, at *1 (S.D.N.Y. May 27, 2021) (seven months elapsed); *OI Eur. Grp. B.V. v. Bolivarian Republic of Venezuela*, 419 F. Supp. 3d 51, 54–55 (D.D.C. 2019) (five months elapsed); *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, Civ. A. No. 16-0661 (RC), 2017 WL 6349729, at *1 (D.D.C. June 9, 2017) (two months elapsed).

"The 'reasonable period of time' formulation is meant to allow the foreign government sufficient time to work through its internal procedures to satisfy the judgment." *OI Eur. Grp. B.V.*, 419 F. Supp. 3d at 54. Here, the political uncertainty in Venezuela counsels in favor of allowing Syracuse to seek attachment without further delay. *Id.* ("But the political uncertainty in Venezuela is also a circumstance that bolsters plaintiff's argument that it should be allowed to seek attachment."). Venezuela has admitted in other similar cases that it is "functionally unable" to satisfy its judgments. *Id.* at 54-55. Here, Venezuela has taken no steps towards satisfying—in whole or in part—the Default Judgment. DeBernardis Decl. ¶ 6. In fact, since defaulting on its sovereign bonds in October 2017, *see* Dkt. 1 ¶ 23; *see generally* Dkt. 49, at least one court has found that Venezuela demonstrated a pattern of attempting to "frustrate satisfaction of the judgment," *Gadsby & Hannah*, 698 F. Supp. at 486 (quotation omitted); *see Koch Minerals Sarl v. Bolivarian Republic of Venezuela*, No. 17-cv-2559-ZMF, 2022 WL 521747, at *3 (D.D.C. Feb. 22, 2022) ("[T]here is at least some evidence that the defendant is actually attempting to evade its obligation. . . . Venezuela has a documented history of playing a shell game to avoid service of process in this and similar litigation." (quotations omitted)). Accordingly, there is no

indication that any further delay will result in Venezuela satisfying the judgment in this matter. *See OI Eur. Grp. B.V.*, 419 F. Supp. 3d at 56 ("A stay in this case would only serve to delay plaintiff's entitlement to a judgment.").

Requiring additional time prior to enforcement may also cause further harm to Syracuse. As the Court is aware, numerous other creditors of Venezuela have had been granted leave to seek attachment of Venezuela's assets. *See, e.g.*, *Altana Credit*, 2023 U.S. Dist. LEXIS 218211, at *1 (granting motion and finding that a reasonable period of time had elapsed since the court entered judgment pursuant to 28 U.S.C. § 1610(c)); *Pharo Gaia Fund Ltd.*, 2021 WL 2168916, at *1 (same); *Koch Minerals Sarl*, 2022 WL 521747, at *3-4 (granting leave to seek attachment); *OI Eur. Grp. B.V.*, 419 F. Supp. 3d at 56 (granting leave to seek attachment and execution). The most valuable of those assets in the United States is CITGO Petroleum Corporation, which the Third Circuit recently confirmed is under the control of Venezuela through a series of corporate entities. *See generally OI European Group B.V. v. Bolivarian Republic of Venezuela*, 73 F.4th 157 (3d Cir. July 7, 2023). The Office of Foreign Assets Control ("OFAC"), the U.S. Department of the Treasury's office tasked with administering and enforcing economic sanctions programs, recently authorized the U.S. District Court in Delaware to supervise the sale of shares of the parent company of CITGO, Petróleos de Venezuela Holding, Inc. ("PDVH"). *See* Mem. Order, *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 17-mc-00151-LPS (D. Del. May 4, 2023), ECF No. 555 (Memorandum Order enclosing OFAC license "authorizing the issuance and service of writs of attachment *fieri facias* granted by the Court to judgment creditors against shares of [PDVH]."); Special Master's Suppl. R. & R. Pursuant to Sale Procedures Order, at p. 2–3, *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 17-mc-00151-LPS (D. Del. Apr. 28, 2023), ECF No. 553.

5

The Delaware federal court has already granted several creditors writs of attachment and is moving forward with the sale over the coming months. *See* Writ Order at p. 3, *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 17-mc-00151-LPS (D. Del. Mar. 7, 2024), ECF No. 1036 (granting writs of attachment *fieri facias* to Crystallex and additional judgment creditors); Oral Order, *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 17-mc-00151-LPS (D. Del. Jan. 24, 2024), ECF No. 886 (granting writs of attachment to Altana Credit Opportunities Fund SPC, Altana Credit Opportunities Fund 1 SP, and Altana Funds Ltd. Cayman); Mem. Order at p. 11, *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 17-mc-00151-LPS (D. Del. July 17, 2023), ECF No. 643 (setting a launch date of October 23, 2023 and sale hearing date of July 15, 2024). A determination from this Court that a reasonable period of time has elapsed since the July 20, 2023 entry of Default Judgment falls squarely in line with other courts' treatment of similarly situated plaintiffs and provides Syracuse with the same treatment as its fellow creditors on a timeline that makes recovery plausible.

## CONCLUSION

For the foregoing reasons, the Court should grant Syracuse's Motion for Relief Pursuant to 28 U.S.C. § 1610(c) and grant Syracuse leave to seek attachment and execution of Venezuela's assets in satisfaction of the Default Judgment entered on July 20, 2023, and served on January 13, 2024 by the U.S. Department of State.

Dated: March 13, 2024

                                      Respectfully submitted,

                                      HUGHES HUBBARD & REED LLP

                                        /s/ Nicolas Swerdloff
                                      Nicolas Swerdloff
                                      One Battery Park Plaza
                                      New York, NY 10004

Tel: 212-837-6000
Fax: 212-422-4726
Email: nicolas.swerdloff@hugheshubbard.com

Michael A. DeBernardis (admitted *pro hac vice*)
1775 I Street, N.W.
Washington, D.C. 20006-2401
Tel: 202-721-4678
Fax: 202-721-4646
Email: michael.debernardis@hugheshubbard.com

*Counsel for Plaintiff Syracuse Mountains Corporation*