UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SYRACUSE MOUNTAINS CORPORATION,

           Plaintiff,

-against-

BOLIVARIAN REPUBLIC OF VENEZUELA,

           Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __4/1/2024__

21 Civ. 2678 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      Before the Court is Plaintiff's motion for an order finding that a "reasonable period of time" has elapsed since the Court entered judgment against Defendant pursuant to 28 U.S.C. § 1610(c). ECF No. 51. For the reasons stated below, Plaintiff's motion is GRANTED.

      On March 29, 2021, Plaintiff filed this lawsuit against Defendant, alleging breach of contract for its failure to make required payments on eleven series of bonds issued by Venezuela. ECF No. 1. Defendant failed to appear, and the Court granted default judgment to Plaintiff on July 20, 2023, ordering Defendant to pay Plaintiff the amount owed on the bonds, plus interest and attorneys' fees and costs. Judgment, ECF No. 49. Since that date, Defendant has not made any payments on the Judgment. DeBernardis Decl. ¶ 6, ECF No. 53.

      Plaintiff now moves for a § 1610(c) order entitling it to enforce the Judgment. ECF Nos. 51–53. Defendant did not submit an opposition.

      Pursuant to the Foreign Sovereign Immunities Act, the property of an agency or instrumentality of a foreign state within the United States may not be attached "until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any [required] notice[.]" 28 U.S.C. § 1610(c). The statute does not define what constitutes a "reasonable time." Factors that courts consider, however, include "procedures, including legislation, that may be necessary for payment of a judgment by a foreign state, which may take several months; representations by the foreign state of steps being taken to satisfy the judgment; or any steps being taken to satisfy the judgment; or evidence that the foreign state is about to remove assets from the jurisdiction to frustrate satisfaction of the judgment." *Ferrostaal Metals Corp. v. S.S. Lash Pacifico*, 652 F. Supp. 420, 423 (S.D.N.Y. 1987) (quoting H.R. Rep. No. 1487, at 30 (1976), *reprinted in* 1976 U.S.C.C.A.N. 6604, 6629).

      Eight months have passed since the Court entered the Judgment on July 20, 2023. *See* Judgment. Although "the period of 'reasonable time' will of course vary according to the nuances of each case," *Ned Chartering & Trading, Inc. v. Republic of Pakistan*, 130 F. Supp. 2d 64, 67 (D.D.C. 2001), shorter periods of time have been considered "reasonable" in numerous cases. *Owens v. Republic of Sudan*, 141 F. Supp. 3d 1, 9 (D.D.C. 2015) (three months); *Ned Chartering*, 130 F. Supp. 2d at 67 (six weeks); *Gadsby & Hannah v. Socialist Republic of Romania*, 698 F. Supp. 483, 486

(S.D.N.Y. 1988) (two months).  Specifically, courts have found that two and five months were reasonable amounts of time when executing a judgment against Defendant.  *OI Eur. Grp. B.V. v. Bolivarian Republic of Venezuela*, 419 F. Supp. 3d 51 (D.D.C. 2019); *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 16 Civ. 661, 2017 WL 6349729 (D.D.C. June 9, 2017).

In 2021, moreover, the Court granted a motion under 28 U.S.C. § 1610(c) in *Pharo Gaia Fund Ltd. v. Bolivarian Republic of Venezuela*, a related case, concluding that a reasonable time had passed since the entry of judgment (the "Pharo Gaia Order").  No. 19 Civ. 3123 (S.D.N.Y. May 27, 2021), ECF No. 74.  Defendant makes no additional arguments in this action as to why the Court should not grant Plaintiff's motion, and a longer period of time has now elapsed.  *Compare* Judgment (entered eight months ago), *with* Pharo Gaia Order at 2 (holding that the seven months that had passed since the entry of judgment was a reasonable period of time).

For the reasons stated above, therefore, Plaintiff's motion for an order finding that a "reasonable period of time" has elapsed following the entry of judgment pursuant to 28 U.S.C. § 1610(c) is GRANTED.  The Clerk of Court is directed to terminate the motion at ECF No. 51.

SO ORDERED.

Dated: April 1, 2024
      New York, New York

_____
ANALISA TORRES
United States District Judge